## EVANS, ET UX. *v.* HOWARD

[No. 57, September Term, 1969.]

*Decided December 11, 1969.*

The cause was argued before BARNES, McWILLIAMS, FINAN, and SINGLEY, JJ. and CHARLES E. ORTH, JR., Associate Judge of the Court of Special Appeals, specially assigned.

*Raymond J. Kane, Jr.* for appellants.

No brief filed on behalf of appellee.

ORTH, J., delivered the opinion of the Court.

The only question presented on this appeal from a judgment on the verdict of a jury in the Circuit Court for Howard County [1] for James Howard, Jr. (plaintiff-

---

1. The suit was brought in the Circuit Court for Anne Arundel

appellee) against Gary M. Evans, et ux. (defendants-appellants) in the amount of $3450 upon an action arising *ex contractu* is whether the trial court committed reversible error by denying appellants' motion for judgment by default. We find that it did not.

The appellee claimed money due for work done and materials provided under an agreement with the appellants whereby the appellee was to construct a house on a lot owned by the appellants. He alleged that after the agreement was executed it was changed and modified, in part by the appellants' undertaking "to handle the purchasing of materials and the disbursing of funds" and the appellee's undertaking "to supply the labor and such helpers as the [appellants] might require on an hourly basis." The appellee declared that under this modification he supplied labor at a reasonable hourly rate in a total amount of $5800, that he presented his bill therefor, that the appellants paid $2550 on account and still owed $3250. He claimed damages of $3500. The appellants filed a general issue plea. Maryland Rule 342 b.

The case was set for trial on 30 September 1968. On 23 September the appellants requested the clerk of the court to issue a summons *duces tecum* for the appellee to appear as a witness for them [2] "at the trial of this case in the Circuit Court for Howard County on Monday, September 30, 1968 at 10:00 A.M. and order him to bring with him all of his records of employment kept on the work performed on the Gary M. Evans, et al building contract." It specifically designated that the records were to include "Employer's Quarterly Federal Tax Return" and "Employment Report, State of Maryland, Department of Employment Security" for the period July 1, 1965 through December 31, 1965. The summons was

County and subsequently removed to the Circuit Court for Howard County upon the suggestion of the appellee.

2. The appellants were entitled to call the appellee as a witness, to interrogate him by leading questions, and to contradict and impeach him in all respects as if he had been called by the adverse party. Code, Art. 35, § 9 (1965 Repl. Vol.). See *Williams v. Wheeler*, 252 Md. 75 (1967); *P. Flanigan & Sons, Inc. v. Childs, et al*, 251 Md. 646 (1967).

served on the appellee. Under date of 30 September the docket entries read that the case was called in open court and continued. The appellants assert in their brief that the appellee moved for the continuance "due to his inability to produce the summoned information" and that "the trial court granted the continuance and directed the appellee to produce the summoned information at the subsequent trial," but a transcript of those proceedings does not appear in the record before us. On 16 October the appellee filed four documents, each subscribed and sworn to by a different person and each stating that the subscriber was employed by the appellee "during the time he was building a house for Gary M. Evans" and "confirming" that the appellee "paid me for the work performed on Gary M. Evans house. And the necessary deduction from my salary was made according to wages receive (sic)."

On 17 February 1969 the case came on for trial, the appellee appearing in proper person. A jury was drawn and sworn. Out of the presence of the jury counsel for the appellants brought to the court's attention that a summons *duces tecum* had been filed, that at the last hearing (30 September 1968) the appellee stated that someone else had the records demanded, and that the court gave him a period of time to obtain them and produce them "here today." Counsel for the appellants said that the documents demanded did not appear in the court file and moved for a judgment by default. The appellee said that he had turned his records over to the attorney who had formerly represented him in the case and who had "disbarred himself" when the appellee found out that he was not working in his behalf. "And then he wouldn't send me none of my legal papers * * * Now, how am I gonna produce them if he don't send me my legal papers?" He claimed he had gone down to the "social security place" but was unable to obtain any of his reports. The court denied the motion for judgment by default, saying, "If we don't go ahead we'll never get the case disposed of, and certainly you're entitled to have

your subpoenas answered and returned, but I think I'll leave it up to you on cross-examination."

The issue whether the lower court erred in denying the motion for judgment by default encompasses two interrelated questions: (1) was a judgment by default an authorized sanction for the failure of the appellee to produce the documents as commanded by the summons *duces tecum;* and (2) if it was, was its grant or denial a matter of the exercise of the court's discretion which, in the facts and circumstances here, the court abused in denying it.

A summons may be directed to a witness, including an adverse party (see Code, Art. 35, § 9), to testify in court. Rule 114 a. The summons may command the witness to produce documents designated therein. Rule 115 a. A witness may also be summoned for any other purpose. Rule 115 b. One of these other purposes is to take his deposition, Rule 407 a, and a summons issued for such purpose may command the person to whom it is directed to produce designated documents relating to matters within the scope of permissible examination, Rule 407 b. But by the express provisions of Rule 407 a this summons or summons *duces tecum* may be issued only "upon proof of service of a notice to take a deposition." Without question the summons *duces tecum* here, by the express terms of the request under which it was issued, was pursuant to the authority provided by Rules 114 a and 115 a and was for the purpose of having the appellee testify for the appellants in court at the trial; it was not pursuant to Rule 407. The appellants did not seek to depose the appellee and, of course, there was no proof of service of a notice to take his deposition. The sanction for the failure, without sufficient excuse, to obey a summons served under Rule 114 is that the witness shall be liable to attachment and fine. Rule 114 d. And as the summons *duces tecum* under Rule 115 a is issued pursuant to Rule 114, the same sanction is applicable for failure to obey it.[3] We do not believe that it is within the contem-

---

3. Wharton's Criminal Law (Anderson) vol. 3, § 1336, p. 715

plation of Rules 114 and 115 that a judgment by default shall be rendered upon failure to obey a summons issued under their provisions.

The appellant urges that Rule 422 is applicable to the summons here. We do not agree. Rule 422 provides, in relevant part, that if a party refuses to obey an order requiring him to produce any document, the court may make such orders in regard to the refusal as are just. One of such orders which the court may make is expressly provided by § c of the Rule—the rendering of a judgment by default. But we think it clear that this sanction applies only to orders to produce documents passed under discovery procedures authorized by Chapter 400 of the Maryland Rules of Practice and Procedure. Rule 422 is entitled "Failure to Comply with Orders for Discovery . . . . Gen'l." It is encompassed within Chapter 400 (Rules 400-425) bearing the general title "Depositions and Discovery." While Rule 422 would apply to a summons *duces tecum* issued or other order passed to produce documents under the provisions of Chapter 400 (see Rule 407) we have found that the summons *duces tecum* here was not so issued. The appellants did not avail themselves of the discovery procedures. They did not seek to depose the appellee prior to trial, Rule 401; they did not serve written interrogatories upon him, Rule 417;[4] nor did they, upon showing good cause and upon notice to all other parties, move for an order to have the appellee produce designated documents which were in his custody, possession or control, Rule 419 a.[5]

---

states: "A witness may be held in contempt for refusal to obey summons by subpoena of his person, or to produce books, papers or documents when ordered to do so by the court * * *."

4. Rule 417 d provides: "If after proper service of interrogatories upon a party, he fails to serve answers to them within the time allowed, the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action or any part thereof, or enter a judgment by default or decree *pro confesso* against that party."

5. We note that had the appellants taken proper action to take the appellee's deposition they could have examined him, orally or in writing, unless otherwise ordered by the court, as to the existence and location of any documents. Rule 410 a 2.

As the appellants chose not to invoke the discovery rules, they were not entitled to the sanctions prescribed for violation of their provisions.

We hold that, in the circumstances here, a judgment by default was not authorized for the failure of the appellee to obey the summons *duces tecum*. Compare Rule 310 a. Thus the court did not err in denying the motion for judgment by default.

We observe that even if Rule 422 were applicable, the sanctions therein contemplated or expressed are within the sound discretion of the court, as the appellants conceded. We could not say, under the facts and circumstances here existent, that the denial of the motion for judgment by default was an improvident exercise of judicial discretion.

We note that by Rule 521, where at the trial, hearing or other stage of an action, it shall appear to the court that the production of any document not produced by a party is necessary to the purposes of justice, the court may require any party to produce such document for inspection by the court or jury, or may of its own motion issue process for its production, § a. And it may adjourn or postpone the trial or hearing or name the day for the further trial or hearing, in order that the document may be produced, § b. It is obvious that it did not appear to the lower court here that the production of the documents sought was necessary to the purposes of justice; it did not require the appellee to produce them.[6] The appellants did not contend below and do not contend on appeal that the court abused its discretion by not invoking Rule 521. See Rule 885. The appellants did not request that Rule 521 be invoked or ask for a continuance to enable further efforts to obtain the documents. The case went to trial, the appellee testified in his own behalf, was cross-examined by the appellants, was called as

---

6. If in fact the court directed the appellee to produce the designated documents at his appearance in court on 30 September 1968, the direction was rescinded when the case came on for trial on 17 February 1969.

a witness for the appellants and examined by them. The case was submitted to the jury on instructions to which no exceptions were made. We see no abuse of discretion as to Rule 521 in any event.

We think it advisable to call attention to our observations in *Lewis v. Germantown Insurance Co.*, 251 Md. 535 (1967). We said, at 536-537:

> "We sometimes wonder if the bar ever reflects upon the reasons why we have adopted and promulgated rules of practice and procedure. * * * Of late, it should be noted, we find ourselves becoming somewhat less considerate of the plight of litigants whose obligations to know and comply with the Rules, at least in theory, is no less than that of attorneys they retain to represent them." [7]

*Judgment affirmed; costs to be paid by appellants.*

---

7. Counsel representing the appellants on appeal did not represent them below.