## J. D. WOMBLE v. CHARLES WOODROW MILLER

[No. 830, September Term, 1974.]

*Decided April 9, 1975.*

The cause was argued before Orth, C. J., and Gilbert and Lowe, JJ.

J. D. Womble, in proper person.

*Francis J. Ford*, with whom was *John F. Burke* on the brief, for appellee.

GILBERT, J., delivered the opinion of the Court.

J. D. Womble, appellant *pro se*, brought suit in the Circuit Court for Montgomery County against Charles Woodrow Miller, appellee. The action alleged that Miller had assaulted and shot Womble on the 24th day of April, 1971, but the suit was not filed until July 30, 1973. Miller, in addition to the general issue plea, interposed the defense of limitations. *See* then Md. Ann. Code art. 57, § 1.[1] Simultaneously, Miller moved for a summary judgment. Thereafter, Womble amended his declaration. The amendment deleted the allegation of assault and substituted in lieu thereof claims of false arrest and malicious prosecution. Issue was joined.

Miller subsequently, through his attorney, served notice of his intention to take, on oral examination, the deposition of Womble. The deposition notice was filed on November 9, 1973. The time of the deposition was designated therein as 9:30 A.M., December 21, 1973. Apparently, because of difficulty in reaching the place of the deposition, Womble did not arrive until 11:00 A.M. We glean from the record that by that time the court reporter had departed, and the deposition was not taken.

On January 8, 1974 another notice of deposition was filed. The notice provides:

*"NOTICE OF TAKING DEPOSITION*

Please take notice that on Friday, the 1st day of February, 1974 at 9:30 A.M., in Room 205, 27 West Jefferson Street, Rockville, Maryland, I will take

---

1. On August 22, 1973 the Governor signed into law what is now known as the Courts and Judicial Proceedings Article. Section 5-105 thereof specifies that an action for assault must be brought within one (1) year "from the date it accrues." Patently, § 5-105 was carved from old Md. Ann. Code art. 57, § 1. No change was effected in the statutory period of limitations with respect to assault, battery, libel or slander. In the Revisor's note to § 5-105 it is stated: " . . . [T]his section is separated from those provisions [Art. 57, § 1]. This [new section 5-105 of the Courts Art.] will make the exception easier to locate."

the deposition of the plaintiff, J. D. Womble, upon oral examination pursuant to the Maryland Rules before a Notary Public or some other officer authorized by law to take depositions. . . ."

The deposition, filed in the record, reveals that after being sworn, Womble objected to the form of the notice. He said:

"There is a preliminary matter. The court over here has gotten rather sticky insofar as non-members of the Bar are concerned.

And they do not permit me to file papers of any description without citing points and authority. I am speaking of those matters which are clearly outlined in the Maryland Rules, and should be familiar to the clerks, dupties, [sic] and most assuredly, to the judges.

Now, in your Notice you see you did not cite any rule. You said pursuant to the Maryland Rules, and at this point, I would ask you to specify under which rule or rules of Maryland that I am here.

MR. FORD [Miller's attorney]: Well, you are here under the rules of discovery, chapter 400 of the Maryland Rules of Procedure, which provide for the taking of deposition of either parties, or witnesses. Parties may be required to appear for the deposition by notice being served by regular mail.

And the record should reflect that a Notice was filed in this case setting your deposition for February 1, 1974, at 9:30. Thereafter, at your request, the deposition was changed from 9:30 to 10:30.

MR. WOMBLE: But what is the authority?

MR. FORD: Chapter 400 of the Maryland Rules of Procedure. They are the discovery rules in Maryland.

MR. WOMBLE: All right.

MR. FORD: If we can proceed now, would you state your name and address for the record?

MR. WOMBLE: I don't think that I am quite through. I don't know that I am ready to proceed, Mr. Ford.

MR. FORD: Could you state for the record why you are not — let me ask you this, Mr. Womble. If you have an objection to something relative to this deposition, I think it might be worthwhile, if at least we get your name and address on the record so there won't be any misunderstanding as to —

MR. WOMBLE: Who I am and why.

I am J. D. Womble . . . I think I do have an objection.

I am not a member of the Bar. I have not had the time to research the Rules under which I am brought in here, and since there was no citation, I think that I will simply stand on the necessary period of time that I must be given by that rule or rules to prepare myself for such a deposition. And, in short, I ask that you reissue, citing the authority under which you want to take this deposition, and we will reschedule it after I have had due time to get to a law library and take a look-see and find out just what you can ask me and whether or not I can refuse to answer.

MR. FORD: I respectfully decline to do that, Mr. Womble, and I would further ask that the record show that the original notice of Deposition in this case was filed on or about November 2, 1973, scheduling your deposition for December 21, '73, and on that date, that is, December 21, '73, I and Mr. Burke, and the court reporter waited in excess of an hour for an appearance.

I am informed that you actually appeared at about 11:00 that morning; the deposition was set for 9:30. And I understand that there was some

difficulty with your vehicle, or traffic, I don't recall what, but in any event, it was mutually agreed that the deposition would be rescheduled. You and I agreed by telephone to that, and I then, thereafter, on or about January 7, 1974, caused another notice to be filed scheduling your deposition for February 1, 1974, which is today.

Between the time that the notice was filed and today, you and I spoke again, and you requested that the deposition be changed from 9:30 to 10:30, and we did this. It is my feeling, Mr. Womble, that we have every right under the Maryland Rules to proceed with the deposition at this time, and if you do not wish to be deposed, or if you object to being deposed, I will merely inform you I will apply to the court for the proper motion — either to dismiss or other sanction. . . . [Y]our refusal to be deposed is not supported by any adequate legal authority.

MR. WOMBLE: Well, let's examine the rule. What does it say? And what does the local rules of the court — Montgomery County Circuit Court — say with regard to citing an authority? What does it say?

MR. FORD: I am not going to discuss the rules, Mr. Womble. . . . [A]ll parties, whether represented by counsel or not are presumed to know the rules of the court, and it is not my function, as counsel for Mr. Miller to advise you.

MR. WOMBLE: All right. I am quite prepared to argue such a motion before the court. Let me state for the record very clearly, I am not here to refuse to be deposed. I want the Defendant under — acting under the same guidelines which the court has imposed on me through the Clerk's Office.

MR. FORD: I am not in any position —

MR. WOMBLE: Now —

MR. FORD: Mr. Womble —

MR. WOMBLE: If I may finish?

MR. FORD: No, sir. We have a point here that has to be resolved, whether we are going to proceed with the deposition or not. If we are not, fine. I am not going to take up the time of the Reporter, or other counsel, and, indeed, your time and my time for you and I to discuss whether the Clerk's Office has treated you in any fashion other than any other litigant. That is not the purpose of this Deposition. This deposition is to inquire of you the matter put into issue in this case. If you don't want to proceed on that basis, fine, we will end the transcript right here, and you and I can then take the opportunity of presenting our views to the court.

This is not the time to argue how you have been treated by the Clerk's Office.

MR. WOMBLE: You have made your position crystal clear, however, in this record you have also made a couple of statements which are not correct. To wit, you stated that we have talked on the telephone. You and I have spoken once, and that was when I stated to you that Ford was — not Ford, I beg your pardon, Miller — is not really the object that I am after.

The other conversation was with regard to the snow storm on the morning of — when was it — November, the earlier notice, and subsequent conversation with regard to time. Those conversations were with your secretary, not with you. And let's let the court determine whether you are right or I am right.

MR. FORD: Very well. And just —

MR. WOMBLE: Nothing personal in this.

MR. FORD: Just so the record is clear, Mr. Womble, and I again tell you this because you are not represented by counsel, but based upon your

position, that you refuse to proceed per the deposition notice filed, I will apply to the court for a motion to dismiss your claim, or for other sanctions, and I want you to understand that.

MR. WOMBLE: Let the record equally show that I am not unwilling to be deposed. I simply am requesting that the authority in the Maryland Rules — let it be clearly cited which rule or rules under which you are operating, —

MR. FORD: I have already cited that.

MR. WOMBLE: — be made known to me, and give me the opportunity to go see the case law or the Annotated code and any cases — citations there so I know what I have got to say to you.

MR. FORD: Well, I already cited that we are proceeding under the discovery rule, or Maryland rules of Procedure under the State of Maryland. I don't think it is my obligation to counsel you on the Discovery rules or, indeed, any case that might have come down from the Court of Appeals interpreting those rules.

MR. WOMBLE: I most assuredly am not asking that. I want to know — be put on formal notice, the rules under which you are operating and have the appropriate period of time to prepare myself, which most assuredly, those rules must give me that, will give me 10 days, one day, they have to give me some days.

MR. FORD: On the basis, then, of your statement, you are not prepared to proceed with the deposition at this time?

MR. WOMBLE: No."

Miller's attorney promptly filed against Womble a motion to dismiss or for other relief.

The case, having been removed on Womble's motion, to the Circuit Court for Frederick County, went to hearing before Judge Samuel W. Barrick on Miller's "Motion To

Dismiss and/or Other Relief", as well as Womble's "Motion Ne Recipiatur." Womble argued that the court was "without authority to impose sanction[s] until such time as deponent shall have refused to answer a question" that was "posed with the approval of the court." Judge Barrick disagreed with Womble's position, but he declined to dismiss the case. Instead he passed an order on May 20, 1974, which provided in pertinent part:

> "ORDERED, That the Plaintiff, J. D. Womble, pay to Francis J. Ford, counsel for the Defendant, the sum of One Hundred and Thirty-Seven Dollars ($137.00); said payment to be made within thirty days of this Order, and it is further
>
> ORDERED, That if the aforesaid payment is not made as provided herein then in such event this matter will stand Dismissed with Prejudice, and it is further,
>
> ORDERED, That the Motion Ne Recipiatur filed by the Plaintiff be and the same hereby is denied."

Miller, the same day, served upon Womble a new notice to take deposition. The scheduled time and date was 2:00 P.M., June 20, 1974. Womble filed a motion to rescind Judge Barrick's order of May 20, 1974. A hearing was held before Judge Barrick on September 4, 1974. The judge refused to rescind his order of May 20, 1974, specifically reaffirmed that order, but allowed Womble thirty days from September 4, 1974 to pay the sum of $137.00 to Miller's attorney, "otherwise the case [would] be dismissed." Womble noted an appeal to this Court on October 2, 1974.[2]

The substance of Womble's complaint in this Court is that the discovery rules prescribe sanctions for a failure to answer and for a failure to appear. Womble argues that he did appear, and he did not fail to answer because no question was put to him. Therefore, Womble reasons the trial court was without authority to pass its order of May 20, 1974 or its subsequent order of September 4, 1974. It is manifest that

---

2. *See* Courts Art. § 12-303 (c)(5).

Womble seeks to walk what he perceives as the middle ground, between "failing to appear" and "failing to answer". Womble would have us hold that one who appears for a deposition, at the designated time and place, and then refuses to be deposed, may do so without fear of a judicial sanction. Such a holding would render the rules of discovery nugatory.

Womble contends that the deposition notice of January 8, 1974 did not comply with Md. Rule 319 or 321c. Md. Rule 319 provides:

> "*Every motion* (except a motion for new trial or judgment n.o.v.), demurrer or other preliminary matter requiring action by the court, shall contain or be accompanied by a statement of points and citation of main authorities, which shall be served on opposing counsel, together with the demurrer or motion. Within fifteen days or such shorter or longer time as the court may order, opposing counsel shall file with the clerk a reply, stating his points and citation of authorities, and his answer, if an answer is required. A copy of the reply and of the answer, if any, shall be served on counsel for the movant." (Emphasis supplied).

Md. Rule 321 c declares:

> "A *copy of a motion*, together with a copy of the affidavit and each supporting paper when required, shall be served upon the party affected by such motion, or his attorney of record, pursuant to Rule 306 (Service of Pleadings and Other Papers); but this section shall not apply to a motion introduced in open court either before trial, or during the course of trial, unless otherwise ordered." (Emphasis supplied).

Appellant misreads the above quoted rules. Each pertains to *motions*. A notice to take a deposition is not a motion. *Ergo*, neither Md. Rule 319 nor Md. Rule 321 c is applicable, and Womble's reliance thereon is misplaced.

Md. Rule 401 authorizes, "any party to an action . . . without leave of court" to take the deposition of "any person, whether a party or not, . . . for the purpose of discovery or for use as evidence. . . ." Md. Rules 403 through 415 govern the use and taking of depositions. Md. Rule 405, at issue here, mandates the requirement as to time (Md. Rule 405 a1) and content of the notice (Md. Rule 405 a2). A reading of the deposition notice, as set forth *ipsissimis verbis,* above, clearly demonstrates that the notice to take Womble's deposition complied with Md. Rule 405 in all respects.

Persons upon whom a notice to take a deposition has been served are not, however, left defenseless. If the person whose deposition is to be taken can show that the deposition is being taken for the purpose of oppression or abuse, the court may, on proper application, pass a protective order. Md. Rule 406.

The Court of Appeals, obviously recognizing that the discovery rules would be relatively meaningless without a built-in enforcement provision, provided sanctions for failure to comply with a deposition notice. *See* Md. Rule 422. Womble asserts, however, that the sanction provisions of Md. Rule 422 are inapplicable to him under the circumstances. As he sees it, because of the particular wording of Md. Rule 422 c the judge should not have passed the order of May 20, 1974. Womble bases his conclusion upon the fact that he did appear at the time and place of the scheduled deposition, and no question was posed to him. The trial court, he feels, should have, at most, directed that he submit to the deposition before it utilized sanctions. We do not share Womble's view of the rules.

Md. Rule 422 a 2 provides:

"If a deponent fails to answer a question propounded or submitted under Rule 409 (Examination), or a corporation or other entity fails to make a designation under section a 2 (b) of Rule 405 (Designation of Person to Testify), or a party fails to answer an interrogatory submitted under Rule 417 (Discovery by Interrogatories to Party), or

if a party, in response to a request for inspection submitted under Rule 419 (Discovery of Documents and Property), fails to respond that inspection will be permitted as requested or fails to permit inspection as requested, the discovering party may move for an order compelling an answer, or a designation, or an order compelling inspection in accordance with the request. When taking a deposition on oral examination, the proponent of the question may complete or adjourn the examination before he applies for an order."

Md. Rule 422 c 1 states:

"If a party or an officer, director, or managing agent of a party or a person designated under section a 2 (b) of Rule 405 (Designation of Person to Testify) to testify on behalf of a party fails to appear before the officer who is to take his deposition, after being served with a proper notice, or to serve answers or objections to interrogatories submitted under Rule 417 (Discovery by Interrogatories to Party) after proper service of the interrogatories, or to serve a written response to a request for inspection submitted under Rule 419 (Discovery of Documents and Property), after proper service of the request, the court in which the action is pending on motion may make such orders in regard to failure as are just, and among others it may take any action authorized under subsections 1, 2 and 3, of section b of this Rule."

We think Md. Rule 422 embraces within its scope the situation that has arisen in the instant case, *viz.*, a deponent appears, refuses to be deposed and consequently no question is put to him. The Court of Appeals in adopting Md. Rule 422, did not seek to provide therein against every conceivable contingency that could arise, but rather applied a broad rule vesting the trial court with discretion as to the rule's enforceability. "A large measure of discretion is entrusted to

trial judges in Maryland in applying sanctions for failure to comply with the rules relating to discovery." *Tydings v. Allied Painting & Dec. Co.*, 13 Md. App. 433, 436, 283 A. 2d 635 (1971). The trial court is authorized, under Md. Rules 422 a 4 and 5 if it finds that a deponent "fails to answer a question", to "require the party" or deponent to pay to the moving party reasonable expenses incurred in obtaining the order." "[R]easonable expenses" may include attorneys' fees.

Under Md. Rule 422 c 2, the court, when a party "fails to appear", may, on motion, after opportunity for hearing, order the same redress to the moving party as allowed by Md. Rule 422 a 2. In the case at bar, the trial court could have determined that Womble either "failed to appear", Md. Rule 422 c 1, in that for all intent and purpose his refusal to be deposed reached the same result, or it could have decided that, although he appeared, his declination to be deposed constituted a "failure to answer", Md. Rule 422 a 2. In either event, his refusal to be deposed constitutes a violation of Md. Rule 422 for which sanctions may be imposed.

There is nothing in the record before us disclosing how Judge Barrick determined the $137.00 figure that he ordered Womble to pay to Miller's attorney. There is, however, a transcript of the aborted deposition of February 1, 1974. The costs of that deposition had to be paid by someone. Similarly, there is the distinct possibility that the reporter desired to be paid for his time spent waiting for Womble on December 21, 1973, and Miller's counsel was, if the trial court agreed, entitled to a "reasonable fee." Judge Barrick did not abuse his discretion in assessing the $137.00 figure against Womble and ordering Womble to pay that amount to Miller's attorney.

Paraphrasing what Judge Levine said for the Court of Appeals in *Broadwater v. Arch*, 267 Md. 329, 336, 297 A. 2d 671 (1972), inasmuch as the sanctions allowed by Md. Rule 422 are within the sound discretion of the trial judge, *Evans v. Howard*, 256 Md. 155, 259 A. 2d 528 (1969), he was at liberty to place Womble under a time limit in which to pay the assessed amount to Miller's lawyer and order Womble to

submit to the deposition under penalty of the sanctions provided by the rule for non-compliance. The order of September 4, 1974 directing Womble to pay the sum of $137.00 to Miller's attorney is affirmed.

*Judgment affirmed.*
*Costs to be paid by appellant.*