## NELSON R. KERR, JR. *v.* ANNE B. R. KERR

[No. 139, September Term, 1979.]

*Decided April 1, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, COLE, DAVIDSON and RODOWSKY, JJ.

*Nelson R. Kerr, Jr.,* in proper person.

*J. Barry Hughes,* with whom was *Charlotte W. Pine* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This case emanates from the continuing post-marital turbulence between appellant, Nelson R. Kerr, Jr., and appellee, Anne B. R. Kerr, following their divorce *a vinculo matrimonii* on March 15, 1977, by the Circuit Court for Carroll County. The discord relevant to this appeal resulted in the father being cited for contempt and sentenced to jail for nonpayment of the support ordered for his minor child. From this imprisonment order, the appellant noted his appeal to the Court of Special Appeals, asserting three grounds for reversal: (1) Article III, section 38 of the Maryland Constitution, authorizing imprisonment for the failure to pay the "support of a wife or dependent children" discriminates against men, and thereby is a denial of the equal protection guaranteed by the Fourteenth Amendment to the United States Constitution; (2) the circuit court erred when it established as a condition of purging the contempt,

both payment of the accrued child support and the appellee's counsel fees incurred in connection with defending efforts by the appellant to change the support provisions contained in the divorce decree; and (3) the chancellor's conclusion that the appellant was in contempt of court for failure to make the directed payments is clearly erroneous. Because of the importance of the constitutional issues raised, this Court granted certiorari prior to the matter being considered by the intermediate appellate court, and although we reject the appellant's first and third claims, we do conclude that establishing the payment of counsel fees as a purgative condition is impermissible; thus, we shall modify the imprisonment order by striking the offensive portion, and as so modified, affirm the judgment.

The parties' post-divorce differences first came to the attention of the circuit court when both Mr. and Mrs. Kerr filed their respective petitions praying that the other be adjudged in contempt of court for failure to honor the support and property settlement agreement, which had been incorporated into the March 15, 1977, divorce and child custody decree. Mrs. Kerr asserted that monies due her under the agreement had not been paid by her former husband; Mr. Kerr acknowledged this nonpayment, but countered with several alleged breaches by appellee that he claimed justified his withholding these funds. Following a hearing, the chancellor, on April 5, 1978, dismissed both contempt petitions, but entered a money decree in favor of Mrs. Kerr for $1750, the amount then due her under the agreement. In addition, the court, after concluding that Mr. Kerr's petition for a contempt citation and for monetary damages lacked "substantial justification", ordered appellant, on the authority of Maryland Rule 604 b (2), to pay $400 to his former wife's legal counsel incurred in resisting that claim.[1] This judicial resolution of the dispute did not end the acrimony, for appellee, within the year, again returned to the circuit court with a second request that

---

1. The appellant did not appeal from any portion of the April 5th order and he now concedes that the doctrine of res judicata prohibits, at this late date, a contest of the propriety of the direction to pay counsel fees.

her former husband be cited for contempt, this time for unpaid child support in the amount of $2300, as well as for his refusal to satisfy the previously entered money decree and the $400 attorney's fees. At the hearing which was conducted with regard to the matter, the chancellor

> ADJUDGED, ORDERED and DECREED that Nelson R. Kerr, Jr. be, and he is hereby, found in contempt of this Court for his failure to abide by its Order of March 15, 1977, and he is hereby sentenced to the custody of the Sheriff of Carroll County for a period of five months and twenty-nine days or until he purges himself by the payment of Twenty-three Hundred Dollars ($2300.00) to Anne B. R. Kerr and the sum of Four Hundred Dollars ($400.00) to Mrs. Kerr's counsel.

It is from this order that the present appeal was noted.

Before this Court, appellant's initial argument is that section 38 of Article III of the Maryland Constitution denies him the equal protection of the laws guaranteed by Amendment XIV to the United States Constitution[2] because it discriminates against persons of the male gender. Section 38 states:

> No person shall be imprisoned for debt, but a valid decree of a court of competent jurisdiction or agreement approved by decree of said court for the support of a wife or dependent children, or for the support of an illegitimate child or children, or for alimony, shall not constitute a debt within the meaning of this section.

As the argument goes, the plain meaning of section 38, manifested by the use of the phrase "support of a wife" and the word "alimony," authorizes imprisonment only of males, and that this vestige of, in Mr. Kerr's words, the "proscribed zeitgeist of the last century" cannot withstand constitutional scrutiny. Whatever the merit of this contention may be, this

---

**2.** No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV.

case does not, for reasons that we presently explain, afford us the opportunity to pass on all facets of it.

We initially observe that section 38, by its own terms, prohibits the imprisonment for debt of all "persons," which term facially includes both males and females, and thus is sexually neutral. Its description, however, of what does not constitute "debt" — "support of a wife," "support of ... dependent children" or "alimony" — may arguably cause equal protection problems because two of these non-protected financial obligations — "support of a wife" and "alimony" — can, either on their face or as interpreted by this Court, apply only to men, consequently making the imprisonment for these matters gender-based. Even if this state of affairs does offend contemporary equal protection jurisprudence, or our own equal rights amendment, Maryland Declaration of Rights, Article 46, for that matter, we are not persuaded by Mr. Kerr's assertion that the entire exception provision, if not all,[3] of section 38 must fall. This is so for two somewhat interrelated reasons. First, the obligation to support dependent children, unlike wife support, is not gender-based on its face, nor, as arguably may be true with alimony, is it discriminatory as it has been applied by this Court. While the obligation to support one's child, at the time this exception was added to section 38 in 1950,[4] was ordinarily imposed on the father of the child, *e.g., Rand v. Rand,* 280 Md. 508, 510-11, 374 A.2d 900, 902 (1977), he was not solely responsible. *See Id.* at 511, 374 A.2d at 902; Maryland Code (1957, 1978 Repl. Vol.), Art. 72A, § 1 (adopted in 1929, providing that father and mother are both charged with their children's support). Thus, permitting imprisonment for failing to pay child support is, in equal

---

**3.** Mr. Kerr seems to assert that if any portion of section 38 is unconstitutional then the entire provision must fall. However, if we accepted his argument as stated, then he could still be imprisoned since the prohibition against imprisonment for debt would likewise no longer exist.

**4.** The prohibition against imprisonment for debt was originally added to the Maryland Constitution of 1851. The exceptions to section 38, for support of a wife or dependent children or for alimony, were added in 1950, and the further exception for the support of an illegitimate child or children was added in 1962. For a more in depth history of Maryland Constitution, Art. III, § 38, see Brown v. Brown, 287 Md. 273, 412 A.2d 396 (1980). September Term, 1979, decided March 10, 1980].

protection parlance, a neutral provision as it imposes a sanction on women as much as on men.

The second reason why we need not address Mr. Kerr's contention stems from a basic tenet of constitutional interpretation which requires that, when a provision of the Maryland Constitution must yield to the higher federal constitutional authority, we preserve as much of the provision as does not offend such authority. Not long ago, this Court cautioned:

> [E]ven though constitutional and unconstitutional provisions of a law are contained in the same section, the entire section or enactment is not invalid unless the provisions *are essentially and inseparably connected in substance.* . . . It thus becomes the duty of the court whenever possible to separate the valid from the invalid provision. . . . [*Davidson v. Miller,* 276 Md. 54, 83, 344 A.2d 422, 439 (1975) (emphasis added).]

One year later, we reiterated the importance of this principal:

> [W]e determine that several factors must be balanced whenever this Court is confronted with a provision of the Maryland Constitution which is in conflict with the United States Constitution. Foremost, since we are dealing with our organic law, we must bear in mind at all times the paramount concern of preserving as much of it as is reasonably possible when it must yield to higher constitutional authority. [*Perkins v. Eskridge,* 278 Md. 619, 646, 366 A.2d 21, 37 (1976).]

Applying these principles to the case now before us, we conclude that there is nothing in the history surrounding the adoption of the exceptions of wife support, child support and alimony to section 38's imprisonment prohibition to indicate that these obligations are "essentially and inseparably connected in substance." Indeed, we think it highly probable, given the varied subject matter of these exceptions

and the remedial nature of section 38, that the framers of this section intended its several provisions (which are set out using the disjunctive "or") to be viewed as distinct from one another. Accordingly, although imprisonment for failing to make ordered or agreed to wife support or alimony may be constitutionally impermissible, such a determination will not affect imprisonment for the separate and independent act of failing to provide support for dependent children, and only if Mr. Kerr's imprisonment was as a result of the former action would we have to address his basic constitutional argument.

Returning to the facts of this case, we note that Mr. Kerr was adjudged to be in contempt of court by the chancellor solely because he failed to make the ordered child support payments, a conclusion which is inescapable from the plain language of the order itself. In the body of the preamble memorandum to the decree, the chancellor reviewed the various claims of Mrs. Kerr, set out 'Mr. Kerr's responding explanation for his failure to make the ordered child support payments, and discussed various aspects of the expenditures that Mr. Kerr submitted as justifying his position that his child support obligation was excessive. With no mention being made of the previous order to pay the $1750 money judgment or the $400 in attorney's fees the judge then concluded: "In our opinion the appellant has not shown that he is incapable of paying the child support which he agreed to and has been ordered to pay." The paragraph immediately following the above-quoted sentence states: "It is *thereupon* ... Ordered ... that Nelson R. Kerr, Jr. be ... found in contempt ... *for his failure to abide by its Order of March 15, 1977. ...*" (Emphasis added.) The word "thereupon" can only refer to the conclusions contained in the earlier incorporated memorandum — that appellant is not incapable of making the child support payments. More specifically, the "Order of March 15, 1977" was the original divorce and child custody decree establishing Mr. Kerr's child support obligation. Of the three sums of money claimed by the appellee to be unpaid and for which she sought the present contempt citation, only the child support obligation can be said to

derive from the March 15 decree; both the $1750 money judgment and the $400 in attorney's fees stem from the April 5, 1978 order of the circuit court. Thus, Mr. Kerr was ordered to prison for his failure to provide child support, and not for the arguably unconstitutional aspects of section 38.

The appellant next contends that the circuit court improperly created as a prerequisite to purging the contempt the payment of the previously ordered $400 attorney's fees, in addition to the satisfaction of the child support arrearage. There can be no doubt, and the appellant concedes, that the equity court can condition the purgation of the contempt on payment of the accrued but unpaid child support. However, we agree with Mr. Kerr that creation of the payment of the attorney's fees as a purgative requirement was improper, amounting to a denial of the prohibition against imprisonment for debt afforded by section 38.

The prohibition against imprisonment for debt has long been given broad application, and this Court has refused to afford its protection in only a few, well-delineated areas. *Brown v. Brown,* 287 Md. 273, 412 A.2d 396 (1980). It is clear that an order for the payment of money, unless it comes within one of the exceptions created by the 1950 and 1962 amendments to section 38 or the decisions of this Court, cannot be enforced by imprisonment for the failure to obey the order. *Id.* at 279-81, 412 A.2d at 400; *Dickey v. Dickey,* 154 Md. 675, 681, 141 A. 387, 390 (1928). Maryland Rule 604 b (2), which empowers the court to order payment of an adverse party's attorney's fees upon a finding that a proceeding was commenced in bad faith, without substantial justification, or for purposes of delay, authorizes payment to be ordered "to the adverse party." The only exception to section 38 that can arguably be said to apply to the attorney's fee order, and thus authorize imprisonment for its disobeyance, is one that recognizes that "fines" paid to the court whether in the nature of civil or criminal penalties, are not debts within the meaning of section 38. *Ruggles v. State,* 120 Md. 553, 564, 87 A. 1080, 1084 (1913); *State v.*

*Mace,* 5 Md. 337, 351 (1854). However, attorney's fees ordered to be paid on the authority of Rule 604 b, in light of the requirement that they be paid to the adverse party and not to the court, are not civil fines. We conclude, therefore, that section 38 prohibits the conditioning of purgation of a contempt on the payment of attorney's fees ordered pursuant to Rule 604 b. With this conclusion, appellant urges that we reverse the lower court and remand for reconsideration of the sanction imposed. The finding of contempt by the lower court, however, is separate from the conditions created for its purgation, and we see no occasion to reverse the contempt order. We, therefore, merely modify the June 15, 1979 contempt decree to delete the purgation requirement that Mr. Kerr pay "the sum of Four Hundred Dollars ($400.00) to Mrs. Kerr's counsel."

We see no merit to appellant's final contention that the lower court was clearly erroneous in determining that Mr. Kerr was in contempt of court. There existed ample evidence upon which the chancellor relied in concluding as he did, and mere inconvenience, difficulty or even hardship need not be sufficient to meet the burden of proving inability to comply with child support obligations. *McDaniel v. McDaniel,* 256 Md. 684, 695, 262 A.2d 52, 58 (1970).

> *Decree of the Circuit Court for Carroll County modified as directed by this opinion, and as so modified, affirmed.*
> *Costs to be paid by appellant.*