537 A.2d 643

**Ward B. COE, III, et al.**

v.

**Leonard BASS, et al.**

**No. 1424, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

March 2, 1988.

Robert M. Wright (Debra Tervala and Whiteford, Taylor & Preston on the brief), Baltimore, for appellants, Coe, Church and Gold.

Everett C. Johnson, Jr. (Irwin Goldbloom, Franklin G. Snyder and Latham & Watkins, Washington, D.C., J. Joseph Curran, Jr., Atty. Gen., Dennis M. Sweeney, Deputy Atty. Gen., Evelyn O. Cannon, Mark D. McCurdy and Carmen M. Shepard, Asst. Attys. Gen., Baltimore, on the brief), for appellant Caple.

Andrew H. Marks (Patrick W. Lee, David B. Siegel, Luther Zeigler and Crowell & Moring, on the brief), Washington, D.C., for appellees, Bass, Dietz, Dolivka and Elsnic.

Harold H. Burns, Jr., Maureen F. Mackey, S.Z. Reese, Baltimore, for appellee, Terry L. Neifeld.

Thomas G. Bodie, Power & Mosner, Towson, for appellee, James D. Laudeman, Jr.

Thomas R. Kline, Kathleen H. McGuan, Manatt, Phelphs, Rothenberg & Evans, Washington, D.C., for appellees, Judith Miles Budoff and Jerry D. Whitlock.

Francis S. Brocato, Brocato & Keelty, Baltimore, for appellee, Paul V. Trice.

Jerold Oshinsky, Nancy A. Markowitz, Ronald Shur, Anderson, Baker, Kill & Olick, Washington, D.C., for appellee, George W.H. Pierson.

Joshua R. Treem, Schulman & Treem, P.A., Baltimore, for appellee, Ralph K. Holmes.

Howard B. Possick, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., for appellee, John D. Faulkner, Jr.

John H. Zink, III, Cook, Howard, Downes & Tracy, Towson, for appellee, Charles C. Hogg, II.

Argued before GILBERT, C.J., and BLOOM and KARWACKI, JJ.

GILBERT, Chief Judge.

This case is a "spin-off" from the Maryland savings and loan debacle of 1985. Its roots began with the investigation authorized by then Governor Harry R. Hughes and the subsequent appointment of the statutorily created "Special Counsel." The purpose of the Special Counsel was to conduct an inquiry into the collapse of some of the savings and loan associations insured by the Maryland Savings Share Insurance Corporation (MSSIC). A number of law suits have resulted from that investigation including the instant matter of Maryland Deposit Insurance Fund (MDIF) against the former officers and directors of MSSIC.[1] MDIF's suit, filed in the Circuit Court for Anne Arundel County, claimed $450,000,000 in damages.

The MSSIC defendants caused subpoenas to be issued to John V. Church, Ward B. Coe, and Carl Gold, attorneys who had worked for the Special Counsel during the latter's investigation. Maryland State Police Trooper R. Lee Caple, who served as an investigator for the Special Counsel, was also subpoenaed. The subpoenas commanded the four non-party witnesses to appear at fixed times and places for the purpose of being deposed. Events occurring at the discovery proceedings led to the four nonparties' becoming the appellants.

.When the subpoenas were issued by the clerk of the Circuit Court of Anne Arundel County, the notice of deposition attached to the subpoenas scheduled one day each of deposition for Caple, Church, and Gold and three days of deposition for Coe. The notice contained the legend, "All depositions will continue from day to day until completed." Caple, Church, and Gold each appeared and submitted themselves to a deposition for one day; Coe did so for three days.

After the subpoenas were served but before the actual taking of the depositions, MSSIC's attorney wrote a letter

---

1. *MDIF v. Hogg, et al.,* No. 1113101 (A.A. Cir., filed August 1, 1986).

dated September 9, 1987, to Caple's attorney with a copy to the attorney for Church, Coe, and Gold. The letter stated:

"I understand from our telephone discussion yesterday and your letter of September 1st that we both agreed to proceed with Mr. Church's deposition at 9:30 a.m. on September 23rd in my office and with Mr. Gold's deposition at 9:30 a.m. on September 24th at his office.... Finally, we agree to proceed with Mr. Coe's deposition on September 30, and ask that you have him and his counsel set aside at least two, and preferably three, days so as to complete the deposition in its entirety."

It was on the basis of the above-quoted letter that Caple, Church, Coe, and Gold refused to be deposed beyond the time frame stated therein.

Aggrieved by the declination of Messrs Caple, Church, Coe, and Gold to continue with the depositions "until completed," MSSIC filed a request for the issuance of writs of body attachment, Md. Rule 1–202(c); alternatively, a petition for contempt, Md. Rule 2–433(b); and a request for attorneys' fees and costs, Md. Rule 2–433(c). The next day the Circuit Court for Anne Arundel County issued an order directing Caple, Church, Coe, and Gold to appear and show cause why they should not be held in contempt of court for failing to obey the subpoenas.

Following a hearing on the show cause order, the circuit court adjudged the appellants to be in contempt of court for their failure to obey the subpoenas. Each appellant was sentenced to the Anne Arundel County Detention Center until, by completing his deposition, he purged himself of contempt. Actual confinement was postponed for ninety days, and it was provided that, if the appellants completed their depositions within that time period, the contempt sentence would be vacated. Understandably disconcerted by the contempt conviction, the alleged contemners have carried their cause to this Court.

The sole question put to us is whether the circuit court erred in holding the nonparty witnesses in contempt be-

cause of their failure to complete the depositions. Although our ultimate disposition of this matter is the same as to all four of the appellants, we must travel two different routes to our destination: one for Trooper Caple and a different course for Messrs. Church, Coe, and Gold.

Caple appeared pursuant to the subpoena; therefore, as to him, Md. Rule 2–510(a) is applicable. That rule provides: "A subpoena is required to compel a nonparty ... to attend, give testimony, and produce designated documents or other tangible things at a deposition." The record shows that Caple did appear and was deposed; he did not, however, complete the depositions as far as MSSIC is concerned. Unquestionably, Caple obeyed the subpoena initially, *i.e.*, he appeared and was deposed. Therefore, the procedures controlling discovery sanctions govern the situation.

Maryland Rule 2–433 enumerates the sanctions that are available whenever there is a failure of discovery. Maryland Rule 2–432(a) declares that should a *party* fail to provide discovery, "A discovering party may move for sanctions under Rule 2–433(a), *without first obtaining an order compelling discovery....*" (Emphasis supplied.) Caple, however, is not a party; he is, at the expense of repetition, a *nonparty* witness. His status, consequently, is not regulated by Rules 2–432(a) and 2–433(a), but rather by Rules 2–432(b) and 2–433(b). Rule 2–432(b) states in pertinent part:

"A discovering party, upon reasonable notice to other parties and all persons affected, may move for an order compelling discovery if ... (2) *a deponent fails to answer a question asked in oral or written deposition....*" (Emphasis supplied).

Rule 2–432(b)(2) contemplates the unwarranted interruption of the deposition process. The circuit court found an interruption to have occurred in the instant case when Caple "walked out of the deposition, [and] refused to proceed further...." In *Womble v. Miller,* 25 Md. App. 656, 667, 336 A.2d 138, 145 (1975), this Court held that one who is present for deposition but declines to be deposed has failed

to answer the questions put to him. That failure, we said, constitutes a violation of the rule and subjects the errant party to sanctions. That being true, Caple's refusal to return for a continuance of his deposition justified MSSIC in moving the court, pursuant to Rule 2–432(b)(4), for an order to compel discovery. Had Caple not then complied with the court's order, adherence could have been obtained by the utilization of the powers contained in Rule 2–433(b), which declares:

> "If a person fails to obey an order compelling dis-covery, the court, upon motion of a party and reasonable notice to other parties and all persons affected, may enter such orders in regard to the failure as are just, including one or more of the orders set forth in section (a) of this Rule. If justice cannot otherwise be achieved, the court may enter an order in compliance with Rule P4 treating the failure to obey the order as a contempt." (Emphasis supplied).

MSSIC has put the proverbial cart before the horse, and the judge has sent the horse hurdling over a significant procedural step—the motion to compel. Because the proper procedure was not followed, we reverse the judgment of contempt as to Caple.

We turn now to viewing the road that Church, Coe, and Gold must travel to reach the same objective as Caple. We begin our journey by noting that the trio of attorneys appeared at depositions, not in accordance with the original subpoena but in compliance with an agreement of counsel. When counsel for the nonparty witnesses and MSSIC agreed to different dates and times from those specified in the subpoenas, counsel, in effect, nullified the subpoenas and replaced them with an agreement. Therefore, when Church, Coe, and Gold appeared but then refused to reap-pear at a later time, their refusal might have been in derogation of the agreement, but it certainly was not in violation of the subpoenas. Although it may be contemptu-ous to fail to obey a subpoena, a person may not be held in

contempt for failing to adhere to the terms of an agreement by counsel.

When Church, Coe, and Gold declined to appear for the completion of their depositions, it was the same as a refusal to answer further questions. *Womble v. Miller, supra.* At that point, MSSIC's attorney should have requested the trial court to issue an order to compel discovery. A declination or refusal to comply with an order to compel probably would result in a citation for contempt.

As with Trooper Caple, MSSIC did not follow the correct procedure, and we reverse the contempt convictions. In so doing, we make manifest that there is nothing to prevent MSSIC from now filing motions to compel discovery as to each of the four appellants.

JUDGMENTS REVERSED.

COSTS TO BE PAID BY APPELLEES.