JAMES McCURLEY, JR., Executor of JAMES McCURLEY
vs. SUSANNAH S. McCURLEY.

*Application by a Wife for a Divorce a mensa et thoro—Death
of Husband before Final decree—Application by Wife for
an Allowance for Counsel fees in a Divorce suit—Right of
Wife to such allowance—Effect of death of either party before
Decree in Divorce proceedings.*

Where pending a suit by the wife for a divorce *a mensa et thoro*, the husband dies before a final decree, the Court cannot, after the death of the husband, require his executor to become a party to the suit, to answer the demand of the wife for an additional allowance for counsel fees for services rendered in the cause during the life time of the husband, nor pass an order requiring such executor to pay the same.

A wife has the right, independently of the actual merits of the case, to require her husband, when she is living apart from him, and without means of her own, to defray the expenses of prosecuting her suit for a divorce,—the Court exercising its sound discretion as to when and to what extent, such allowance shall be granted.

A divorce suit being a personal action, the death of either party before decree abates the divorce proceedings; and this effect extends to whatever is identified with those proceedings.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, STONE, ALVEY, and RITCHIE, J.

*Samuel Snowden,* for the appellant.

*John H. Handy,* for the appellee.

RITCHIE, J., delivered the opinion of the Court.

The appellee having filed her bill for a divorce *a mensa et thoro*, in the Circuit Court of Baltimore City, against her husband, James McCurley, followed the bill with a petition alleging her want of means to carry on her suit, and praying that her said husband be required to furnish her a reasonable sum of money to be paid her counsel for conducting her case.

This petition was resisted by her husband; but the Court passed an order directing him to pay to complainant's counsel of record the sum of one hundred dollars "as a retaining fee in her said case."

An answer to the bill having been put in by the said defendant, denying the complainant's right to a divorce, exceptions were taken to the answer; which exceptions were overruled; and a general replication to the answer having been filed, a commission, by agreement of counsel, was issued on the 15th of March, 1880, to take testimony.

Under this commission a large amount of testimony was taken; but before a decree was passed the defendant died, on or about the 8th of March, 1881, having appointed the appellant executor of his last will and testament, who duly qualified as such. Thereupon the complainant by her counsel of record suggested the defendant's death and prayed that a *subpœna* might issue against said executor, that, "the rights which survive in this suit may be determined."

The appellant, as said executor, demurred to this petition to make him a party; but his demurrer was overruled, and process issued accordingly.

The complainant then filed her second petition for counsel fees, showing the character of the services rendered by her counsel, reciting the previous action of the Court directing her husband to provide a retaining fee for them, and praying an additional allowance of nine hundred dollars to pay their bill for that amount, as a reason-

able charge, looking to the nature of their services and the estate of her husband, alleged to be worth one hundred thousand dollars. The amount of this fee was certified by two disinterested members of the bar, of weight and experience, to be fair and reasonable. But, by agreement of the respective solicitors, no objection is made to the amount of the fee charged; the resistance to its allowance being on other grounds.

The petition having been set for hearing by order of the Court, and notice of the same having been served on the executor, he filed his answer objecting thereto. The material ground of defence, in view of the said agreement as to the mere amount of the fee, is, as set out in the answer, that, "the matter of the claim being wholly at law, and there being no fund under the jurisdiction of this Court out of which the same can be paid, said petition should be dismissed."

After hearing upon the petition and answer, and considering the papers and original evidence in the cause, it was by the Court adjudged, ordered and decreed, "that the defendant pay to the complainant for John H. Handy and Wm. T. Roberts, her solicitors, the sum of nine hundred dollars, as and for the counsel fees of said solicitors, with all the costs of their proceedings."

From this order and the order overruling his demurrer to the petition for *subpœna* against him as the executor of said James McCurley, deceased, the defendant prayed an appeal to this Court.

The simple question for us to decide is, whether the husband of the appellee having died before decree was reached upon the proceedings for divorce, the Court had jurisdiction to make the executor a party to the suit for the purpose of answering the appellee's application for an allowance to pay her counsel for services rendered in the cause up to the death of her husband, and to order him to pay the same.

The general rule in regard to allowing the wife temporary alimony and a sum of money to carry on her suit in divorce proceedings, is thus stated in the note to *sec.* 99, 2 *Kent's Com.*, where a number of authorities are cited :

"Pending a suit in chancery by the wife, or in the consistory Court by the husband, for a divorce, it is a general rule of ecclesiastical law that the Court may, under proper circumstances, and in its discretion, allow the wife, by an order on the husband, a sum of money for carrying on the suit, as well as for immediate alimony."

*Bishop* in his work on *Marriage and Divorce, vol.* 2, *sec.* 387, thus refers to the nature of the wife's allowance for the expenses of the suit:

"This sustenance is in fact a sort of alimony ; the one being for the defraying the ordinary expenses of the wife in the matter of living ; the other being for the same purpose in respect to the matter of the suit. The husband, who has the control of the money out of which, were the parties dwelling together, the wife would be entitled to draw her support, while the wife is without means which she herself can command, should not only be made to aliment the wife as to her food and the like while the suit is going on, but aliment her also as regards the suit ; otherwise she would be denied justice."

This general right to means with which to prosecute her suit is, however, subject to the discretion of the Court, as to whether it shall be enforced under the circumstances of the particular case, and as to what amount shall be allowed her. As the author just cited remarks in sec. 406 of the same volume :

"The *ad interim* alimony and money to sustain the expenses are given not as of strict right in the wife, but as of sound discretion in the Court. Yet the discretion is a judicial not an arbitrary one."

But the chancery practice in this State, resting upon adjudicated cases, is so well settled that recourse to other

authority is unnecessary to show that the right of the wife to require her husband, when she is living apart from him and without means of her own, to defray the expenses of prosecuting her suit for a divorce, is almost a matter of course, independently of the actual merits of the case ; the Court exercising its sound discretion as to when and to what extent, as it may be advised in the progress of the case, such allowance shall be granted.

The case of *Ricketts vs. Ricketts*, 4 *Gill*, 104, and the cases of *Daiger vs. Daiger, Coles vs. Coles,* and *Tayman vs. Tayman,* in 2 *Md. Chan. Dec.*, are leading cases to this effect. The order or orders that may be passed upon the husband, if disregarded by him, may not only be enforced by the Court granting them, by a *fieri facias,* but also by attachment for contempt; as in *Greeley vs. Greeley,* 31 *Howard's Pr. Rep.*, 476, and in 46 *Maine*, 381.

But the paramount question to be decided is, this being a suit for divorce by the wife, and the husband having died before a final decree was passed, could the Court after the death of the husband, require his executor to become a party to the suit, to answer the demand of the wife for an additional allowance for counsel fees for services rendered in the cause during the life-time of the husband, decree in favor of such an allowance, and pass an order upon him to pay the same.

It is well settled that the death of either party to a divorce suit before decree, it being a personal action, abates the divorce proceedings; and this effect must extend to whatever is identified with those proceedings. The allowance of money to pay the wife's counsel fees is in furtherance of the procedure to obtain or prevent the divorce. When, therefore, the jurisdiction to pass a decree is ended, no jurisdiction can survive as to matters purely ancillary to that object.

The situation of the wife is no longer the same after that it was before the death of her husband. She was

then holding the peculiar relation of a wife seeking or resisting a separation, subjected to the incidents of such a position, and requiring means to defray her expenses *pendente lite.* Upon his death before decree the suit abates. She is *eo instanti* simply then his widow, with the rights and liabilities as to his property which spring from her dower and thirds therein; no longer impelled to subject his estate to her adverse demands, but interested now in its preservation as liable to contribute to whatever claims creditors may successfully establish against her husband's property. Pending the suit for divorce it was her interest to draw upon the resources of her husband to meet the demands of her counsel; upon her husband's death her position toward even her own counsel is materially varied. Then she was proceeding through them virtually as a creditor of her husband; now she has become virtually a debtor herself.

Nor do we perceive how the executor, from the nature of his special character and functions, can be substituted for the husband in a proceeding peculiar to him as a husband, and where the order for an allowance contemplates his personal obligation and personal compulsion. How, too, is the executor to be informed to what extent the husband has or has not furnished his wife with necessary and appropriate means; or whether in the intimacy of the marriage relation he has deported himself properly or otherwise; or how is he to be prepared with the proofs that might demonstrate the institution of the suit, if by the wife, to have been groundless, or, if by the husband, to have been meritorious; all circumstances which enter into the determination and adjustment of alimentary allowances.

Another difficulty in the case arises from the nature of the order. It requires the peremptory payment of a specified sum. Having thus the nature of a lien or preferred claim, it might work great injustice to the creditors

McCurley, Ex'r *vs.* McCurley.

of the husband whose estate might not be able to pay all claims against the testator.

It seems clear, that if any legal and provable claim has accrued against the testator, and through him against the executor, on account of the professional services rendered the wife, it should be established, as in the case of other creditors, by proper proceedings in the Orphans' Court or in a Court of law.

Whether a claim for services rendered by counsel for the wife in a divorce suit may be enforced at law against the executor, as in the nature of necessaries for which the husband would be responsible, is a question not now strictly before us. In England, under certain circumstances, the husband has been held liable for his wife's counsel fees for their services, as necessaries. *Wilson vs. Ford, L. R.,* 3 *Excheq.,* 68, and cases there cited. But there are also decisions in this country which expressly deny the right to sue an executor or administrator for attorney's services rendered a wife in a case like the present. We deem it unnecessary, however, to express an opinion on this point in the present controversy. It is sufficient now to say, that we think the Court erred in summoning the executor for the purpose for which he was made a party, and subjecting him to the order to pay the wife's counsel fees.

Among the authorities that may be cited as sustaining our views as to this order, are *Shafer vs. Shafer,* 30 *Mich.,* 164; *Dow vs. Eysler,* 79 *Ill.,* 254, and *Pearson and Wife vs. Darrington,* 32 *Ala.,* 254. In this last case a number of authorities are collected in support of the Court's opinion therein, to which reference may also be made.

Being of opinion, as already indicated, that the Circuit Court was without jurisdiction to pass the order of the 15th of November, 1881, against the appellant, his appeal must be sustained.

*Orders reversed.*

(Decided 10th April, 1883.)