**Forrest Stanley JUDD and Iva Jean Judd, Plaintiffs-Appellants,**

**v.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF INDIANAPOLIS et al., Defendants-Appellees.**

**No. 78–2067.**

United States Court of Appeals, Seventh Circuit.

Argued April 20, 1979.

Decided June 11, 1979.

As Amended July 17, 1979.

Rehearing and Rehearing In Banc Denied Aug. 24, 1979.

Michael D. Fishbein, Philadelphia, Pa., for plaintiffs-appellants.

Paul J. DeVault, Indianapolis, Ind., for defendants-appellees.

Before TONE and BAUER, Circuit Judges, and SOLOMON, Senior District Judge.*

PER CURIAM.

Forrest and Iva Judd, appellants, filed an action against Meridian Mortgage Company (Meridian) and five Indianapolis banks for conspiracy to require mortgagors to deposit advance tax and insurance payments in escrow accounts on which the mortgagors receive no interest, all in violation of antitrust laws.

Appellants sought class action certification, the class to consist of all persons who obtained mortgage loans from the defendant mortgage company and banks.

In October 1976, the district court certified the class as all persons who obtained mortgage loans from Meridian between January 1, 1960 and July 22, 1976. Appellants moved to enlarge the certified class. The district court denied the motion.

In July 1977, the district court ordered appellants' counsel to compile a list of the names and addresses of class members by making a search of Meridian's business records (1977 order).

In November 1977, appellants learned that Meridian had a computer generated list of all of Meridian's 11,000 mortgagors, which list included between 1,650 and 4,000 names of mortgagors who are not within the certified class because they obtained their mortgages either before or after the specified period or from other companies.

Appellants filed a motion for permission to use the computer list for class notification purposes because it would cost between $16,000 and $24,000 less to use the computer list than to compile a class list from Meridian's files. Appellants agreed to include in the notice an explanation to help mortgagors determine whether they belong to the plaintiff class.

Meridian objected to the motion on the grounds that the computer list would confuse a great number of its customers, would require it to spend much time and money to answer inquiries generated by the notices and would damage Meridian's good will.

In July 1978, the district court denied appellants' motion and ordered them to comply with the 1977 order.

---

* The Honorable Gus J. Solomon, Senior District Judge of the United States District Court for the District of Oregon, is sitting by designation.

Appellants appeal from the July 1978 order. They assert that the district court failed to comply with Rule 23(c) Fed.R. Civ.P. which requires the court to "direct to the members of the class the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort."

We affirm on the ground that the order is not appealable.

We have "jurisdiction of appeals from all final decisions of the district courts . . ." 28 U.S.C. § 1291.

Appellants concede that the 1978 order is not a "final decision," but they assert that the order is appealable under the doctrine announced in *Cohen v. Beneficial Industrial Loan,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949).

In *Cohen,* plaintiff brought a derivative action in federal court alleging that the directors and managers of the defendant corporation were guilty of fraud and mismanagement. Plaintiff and an intervenor together held about 0.0125% of the corporation's stock. Defendants moved to require plaintiff to post the security for costs required by a New Jersey statute which they asserted would amount to about $125,000. The district court denied the motion. Defendants sought immediate review of the question whether the state statute applied in federal court. The Supreme Court held that the district court order was appealable under § 1291, even though it was not a final decision, so that it could consider that issue. The Court stated:

> "This [district court] decision appears to fall in that small class which finally determines claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated." 337 U.S. at 546, 69 S.Ct. at 1225–1226.

The Supreme Court has recently held that the *Cohen* exception, or "collateral order doctrine," applies only to orders which "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [are] effectively unreviewable on appeal from a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978).

In that case, plaintiffs purchased shares in reliance on a prospectus issued by defendant accounting firm. Plaintiffs brought an action on behalf of themselves and other purchasers, alleging that defendants had violated federal securities laws. The district court certified a plaintiff class, but then decertified it. Plaintiffs sought immediate review of the decertification order, asserting that the order was appealable under the *Cohen* exception to § 1291.

The Supreme Court held that the *Cohen* exception did not apply, because orders granting or denying class certification are subject to revision in the district court, and, unlike the order in *Cohen,* may effectively be reviewed even after final judgment.

In *Weit v. Continental Illinois National Bank,* 535 F.2d 1010 (7th Cir. 1976), plaintiffs in an antitrust class action sought to review an order determining the form of notice sent to class members. We found that the order did not involve a broad question of general applicability, and the propriety of the notice was an issue capable of review after the entire case was resolved in the district court. Regardless of whether plaintiffs prevailed on the merits, the district court could order the notification costs which were later held to have been improper. We held that the collateral order doctrine did not apply and that the district court order on the form of the notice was not appealable.

The issue here is the costs which appellants must incur to notify the plaintiff class. That is not "an important issue completely separate from the merits of this action." Nor does the 1978 order "conclusively determine the disputed question." As in *Weit,* regardless of who prevails on the merits, if a court later decides that

appellants were improperly required to incur costs of the notice, the court can order appellees to reimburse them.

The 1978 order is not appealable under section 1291.

In the circumstances, we do not reach appellants' other contentions.

Appeal Dismissed.