**MIDWAY MANUFACTURING COMPANY, Plaintiff, Appellant,**

v.

**OMNI VIDEO GAMES, INC., Ferncrest Distributors, Inc., Competitive Video, Inc., Chens International, Inc., Defendants, Appellees.**

**No. 81–1461.**

United States Court of Appeals, First Circuit.

Argued Nov. 4, 1981.

Decided Dec. 24, 1981.

David A. Gerber, Los Angeles, Cal., with whom Leonard J. Santisi, Curtis, Morris & Safford, New York City, Donald L. Welsh, Fitch, Even, Tabin, Flannery & Welsh, Chicago, Ill., Loeb & Loeb, Los Angeles, Cal., James E. Purcell and Tillinghast, Collins & Graham, Providence, R. I., were on brief, for plaintiff, appellant.

Robert D. Wieck, Providence, R. I., with whom Richard W. MacAdams and Adler, Pollock & Sheehan, Inc., Providence, R. I., were on brief, for defendants, appellees.

Before COFFIN, Chief Judge, DAVIS,* Judge, BREYER, Circuit Judge.

COFFIN, Chief Judge.

In the course of a suit against defendant-appellee for infringement of its copyrights on the electronic video games PAC–MAN, RALLY–X, and GALAXIAN, appellant filed a motion for an *ex parte* hearing to obtain an order to impound any infringing items found within appellees' possession at certain locations. *See* 17 U.S.C. § 503(a). The court's issuance of the impoundment order led to seizure of one allegedly infringing version of PAC–MAN. Several days later, however, the court vacated its order to impound at appellees' request, finding that the *ex parte* impoundment proceeding had been unnecessary and had been based upon inaccurate information. The court ordered that any evidence obtained in the course of the impoundment procedure could not be introduced at trial and that appellant was to bear the cost of attorneys' fees incurred by appellees when they sought return of the impounded property.

Appellant challenges the court's decision to vacate the impoundment order and its imposition of the sanctions of suppression of the evidence and the award of attorneys' fees. In its brief it addresses incompletely and in oral argument not at all the one issue we deem dispositive of this appeal—the existence or not of appellate jurisdiction under the "collateral order" doctrine.

The well-established criteria for determining when an interlocutory appeal is permissible require that the order being appealed must be a final order that presents an issue of law, not one of discretion, that is separable from the issues to be presented at trial, and that cannot await resolution until appeal from the final judgment because irreparable harm would be probable. *See, e.g., Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546–47, 69 S.Ct. 1221, 1225–1226, 93 L.Ed. 1528 (1949); *In re Continental Investment Corp.,* 637 F.2d 1, 4 (1st Cir. 1980), *quoting United States v. Sorren,* 605 F.2d 1211, 1213 (1st Cir. 1979). The first requirement would seem to be met; the court's order vacating the impoundment, suppressing the evidence, and allowing appellee to apply for attorneys' fees is final. Our difficulty, however, lies in identifying any threat of irreparable injury that would be posed by allowing the

* United States Court of Claims, sitting by designation.

several issues to await review until the trial court has issued a final judgment.

■ We see no possibility of irreparable harm from the court's decision to vacate the impoundment order. The primary purpose of impoundment is to maintain the feasibility of the eventual destruction of items found at trial to violate the copyright laws by safeguarding them during the pendency of the action. *Jewelers' Circular Publishing Co. v. Keystone Publishing Co.*, 274 F. 932, 936 (S.D.N.Y.1921), *aff'd*, 281 F. 83 (2d Cir.), *cert. denied*, 259 U.S. 581, 42 S.Ct. 464, 66 L.Ed. 1074 (1922); 3 Nimmer on Copyright § 14.07 at 14–59. Because the impoundment resulted in the seizure of only one allegedly infringing machine, the release of that one machine will impose only a minimal threat to appellant's rights if indeed appellees are found to have violated those rights. What injury may occur can be remedied through the award of damages and injunctive relief. *Compare Swift & Company Packers v. Compania Colombiana del Caribe*, 339 U.S. 684, 691, 70 S.Ct. 861, 866, 94 L.Ed. 1206 (1950) (pretrial attachment of ship immediately appealable because attachment both secured defendants' appearance in court and ensured that judgment favorable to plaintiff would be honored).

■ In addition, when we are asked to review not a question of controlling law but an exercise of a judge's discretion that depended upon the particular facts before him, this factor mitigates against immediate review. *United States v. Sorren, supra*, 605 F.2d at 1215. The statute authorizing impoundment states that a judge "may" order impoundment at any time while an action is pending on terms he deems reasonable, 17 U.S.C. § 503(a), thereby apparently establishing a discretionary power to order impoundment. 3 Nimmer on Copyright § 14.07 at 14–55. The power to vacate an order to impound would seem to be similarly discretionary. Because questions of the exercise of the judge's discretion are less likely to be reversed and offer less reason for the appellate court to intervene to guide the trial court's considerations, they present a lower likelihood of harm than a decision of law and therefore less cause for immediate appeal. *In re Continental Investment Corp., supra*, 637 F.2d at 7.

■ Similarly, the order to suppress all evidence obtained as a result of the execution of the impoundment order * could be appealed after final judgment without threat of irreparable injury. First, the threat of harm is diminished by the fact that appellant appears to have other evidence of the alleged infringement and may obtain more through discovery. In short, the suppressed evidence may not be determinative of the outcome of the trial. Second, what threat of harm there may be we do not see as irreparable. Even if the suppression order were reversed on final appeal and a new trial ordered, at which time the impounded PAC–MAN game may have disappeared so that it could not be introduced into evidence in a new trial, appellant still would have in unaltered form the accounts by the individuals involved in the seizure of what they saw and seized. All that might be lost is the one machine that was seized and released, but this harm does not seem irreparable given the accounts of the seizure that would remain. The officials involved in the seizure would be neutral and therefore credible witnesses and the engineer who accompanied them, although employed by appellant, could verify technical details.

■ Lastly, as to the court's order that appellees may be awarded attorneys' fees incurred to challenge the impoundment, we again do not find the necessary threat of irreparable harm. Where the issue is merely one of a relatively small amount of money that may be reimbursed at a later point if a court on final appeal finds the award to have been unwarranted, appellants are not irreparably injured by having to pay any

---

* We pretermit the question, however, whether appellant has properly raised the issue of the suppression order on appeal. It appeals from the June 11, 1981, order vacating the impoundment, an order that makes no reference to the May 13 ruling from the bench that required suppression of the evidence.

amount owed now. *See Judd v. First Federal Savings & Loan Ass'n*, 599 F.2d 820, 823 (7th Cir. 1979) (per curiam).

Although we may also question whether the criterion of separability is satisfied by the issues presented for immediate appeal, we rest our denial of jurisdiction on the absence of any threat of irreparable harm. *See In re Continental Investment Corp., supra*, 637 F.2d at 6–7.

*Appeal denied.*