486 A.2d 1192

**Luiz R.S. SIMMONS et al.**

v.

**Renee PERKINS.**

**No. 68, Sept. Term, 1984.**

Court of Appeals of Maryland.

Jan. 22, 1985.

Luiz R.S. Simmons, Silver Spring, for appellant.

No brief filed by appellee.

Argued before MURPHY, C.J., SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ., and EDWARD D. HIGINBOTHOM, Associate Judge of the Third Judicial Circuit (retired), Specially Assigned.

RODOWSKY, Judge.

Former Maryland Rule 604 b provided:

> In an action or part of an action, if the court finds that any proceeding was had (1) in bad faith, (2) without substantial justification, or (3) for purposes of delay the court shall require the moving party to pay to the adverse party the amount of the costs thereof and the reasonable expenses incurred by the adverse party in opposing such proceeding, including reasonable attorneys' fees.

Md.Code (1974, 1984 Repl.Vol., 1984 Supp.), § 12–303(3)(v) of the Courts and Judicial Proceedings Article (Courts Article) permits an immediate appeal from an order for "the payment of money" entered by a circuit court in a civil case.[1] At issue here is whether an order assessing counsel fees pursuant to Md.R. 604 b is immediately appealable.[2] As explained below we hold that it is not.

Petitioner, Luiz R.S. Simmons (Simmons), is an attorney. Respondent, Renee Perkins (Perkins), sued Simmons and another attorney in the Circuit Court for Montgomery County for money damages based on alleged malpractice. Simmons has undertaken to represent himself in this suit. About three and one-half months after he first entered his appearance, and without ever having joined issue, Simmons filed a motion ne recipiatur to the plaintiff's declaration, as particularized, and in the alternative moved to strike that

---

**1.** Section 12–303(3)(v) reads:
> A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case:
> ....
> (3) An order: ...
> (v) For the sale, conveyance, or delivery of real or personal property or the payment of money, or the refusal to rescind or discharge such an order, unless the delivery or payment is directed to be made to a receiver appointed by the court.

Chapter 255 of the Acts of 1984 redesignated § 12–303(c)(5) as § 12–303(3)(v).

**2.** We expressly reserved this question in *Waters v. Smith,* 277 Md. 189, 198, 352 A.2d 793, 798 (1976), which held that § 12–303 did not make appealable an order of reference to a master for report on the amount to be assessed under Md.R. 604 b.

declaration. The trial court found Simmons' motion to be without substantial justification and ordered him to pay $150, representing a reasonable fee to plaintiff's counsel for attending court for the hearing on Simmons' motion.[3] Simmons noted an appeal to the Court of Special Appeals from the award of counsel fees.

That court dismissed the appeal in an unpublished per curiam opinion. We then granted Simmons' petition for certiorari, which was limited to the appealability issue. The petition rested appealability exclusively on the ground that the award of counsel fees under Md.R. 604 b is an order for the payment of money within the scope of § 12–303(3)(v) of the Courts Article.[4]

In *Della Ratta v. Dixon*, 47 Md.App. 270, 277–84, 422 A.2d 409, 413–16 (1980), Judge Wilner, writing for the Court of Special Appeals, presented what we have described as "an excellent survey of the history of ... § 12–303(c)(5)...." *Anthony Plumbing of Maryland, Inc. v. Attorney General*, 298 Md. 11, 18 n. 3, 467 A.2d 504, 508 n. 3 (1983). Much of the same background was covered by Judge Eldridge for this Court in *Anthony Plumbing*. Suffice it to say that Maryland statutes dealing with appeals, from Ch. 185 of the Acts of 1830 until the recodification by Ch. 2 of the Acts of the 1st Sp.Sess., 1973 which produced the Courts Article, have referred to the appealability *vel non* of an order for the payment of money only with respect to appeals from a court of equity. The 1973

---

**3.** Simmons has not objected to the form of the order which calls for payment to be made directly to Perkins' attorney while Md.R. 604 b speaks of payment to the adverse party.

**4.** In response to certain reasoning employed by the Court of Special Appeals, Simmons' petition for certiorari also questioned
[w]hether an Order to Pay Counsel Fees must require payment at a specific time or times in order to be immediately appealable as an Order for the payment of money pursuant to [§] 12–303(c)(5). Because our negative answer to the first question is dispositive, we do not separately address this issue.

change, which enlarged the statute to cover appeals from interlocutory orders of a "circuit court,"

> was a recognition that certain types of traditional equity orders, such as an injunction, could also be obtained from a court of law. [T]he 1973 revision was not intended to make any substantive alterations in the kinds of interlocutory orders that were appealable prior to a final judgment. [*Id.* at 20, 467 A.2d at 508.]

*Anthony Plumbing* then summarized:

> The history of § 12–303 thus indicates a legislative intent to allow interlocutory appeals only from those orders for the "payment of money" which had traditionally been rendered in equity. This is confirmed by judicial decisions. The types of orders previously held by this Court to be orders for the "payment of money" are orders for alimony, child support, and related counsel fees, *Chappell v. Chappell,* 86 Md. 532, 39 A. 984 (1898), and *Pappas v. Pappas,* 287 Md. 455, 413 A.2d 549 (1980). The Court of Special Appeals has recognized the appealability of similar interlocutory orders in domestic relations litigation, *Hofmann v. Hofmann,* 50 Md.App. 240, 437 A.2d 247 (1981), and *Della Ratta v. Dixon,* 47 Md.App. 270, 284, 422 A.2d 409 (1980), as well as an interlocutory order directing an assignee for the benefit of creditors to pay certain sums to creditors, *Genn v. CIT Corp.,* 40 Md.App. 516, 392 A.2d 1135 (1978).

> The common thread in the above-cited cases is that each involves an order for a specific sum of money which "proceeds directly to the person" and for which that individual is "directly and personally answerable *to the court* in the event of noncompliance." *Della Ratta v. Dixon, supra,* 47 Md.App. at 285, 422 A.2d 409 (emphasis in original). These characteristics of a traditional equity order for the payment of money differ markedly from those of a typical judgment at law for the payment of money. The latter type of judgment "may settle the respective rights of the parties ... but it does not purport

to order anyone to do anything." *Ibid.* It is "not immediately enforceable," *id.* at 286, 422 A.2d 409.

Therefore, we conclude that an "order for the ... payment of money" within the meaning of § 12–303(c)(5) is an order which is equitable in nature. [298 Md. at 20, 467 A.2d at 508–09.]

The order appealed in this case is not equitable in nature. It does not proceed directly to the person so as to make Simmons directly and personally answerable to the court for noncompliance. The distinctive feature of the kind of equitable order described in *Anthony Plumbing* is that the court has available to it, among other possible sanctions for a violation of the order, the sanction of imprisonment for contempt. Here imprisonment for contempt is not available to the trial court for any violation of its order that Simmons pay money under Md.R. 604 b.

The point was settled by *Kerr v. Kerr,* 287 Md. 363, 371, 412 A.2d 1001, 1006 (1980). That case involved a father who had contested, without substantial justification, his former wife's claim for arrearages of child support. The court ordered the father, pursuant to Md.R. 604 b, to pay $400 as counsel fees, and in addition, to pay $1,750 of accrued child support. Subsequently the circuit court found the father to be in contempt of the original support decree and conditioned purgation of the contempt on the father's payment of the counsel fee as well as of $2,300 in support arrearage. We held in *Kerr* that purgation of contempt could not be conditioned on payment of the Md.R. 604 b counsel fee. This was because the condition violated the prohibition of Md. Const. art. III, § 38 against imprisonment for debt.[5]

---

5.  Md. Const. art. III, § 38 provides:
    No person shall be imprisoned for debt, but a valid decree of a court of competent jurisdiction or agreement approved by decree of said court for the support of a spouse or dependent children, or for the support of an illegitimate child or children, or for alimony (either common law or as defined by statute), shall not constitute a debt within the meaning of this section.

Simmons relies on *Chappell v. Chappell*, 86 Md. 532, 39 A. 984 (1898), in which an interlocutory appeal was entertained under the order to pay money provision. The action was a husband's bill for divorce *a vinculo* and a wife's cross-bill for divorce *a mensa.* An order nisi had been entered directing the husband to pay alimony pendente lite, suit money of $500, and a counsel fee of $1,000. That order had become operative by the husband's failure to meet certain conditions. The court thereafter directed the husband to pay arrearages of alimony amounting to $1,000, the $500 in suit money, and the $1,000 counsel fee within ten days after service of a copy of the order upon the husband or his solicitor. This order was held to be immediately appealable under the predecessor of § 12–303(3)(v). That feature of the order in *Chappell* which directed the husband to pay a determined amount of arrearage in alimony pendente lite was clearly an order for "the payment of money." The husband could have been imprisoned for contempt. *Oles Envelope Corp. v. Oles*, 193 Md. 79, 91–92, 65 A.2d 899, 904–05 (1949).

*Chappell* is not authority for the immediate appealability of the counsel fees awarded under Md.R. 604 b in this case. The orders awarding counsel fees and suit money in *Chappell* cannot be isolated from the divorce action in which they were entered for purposes of applying the order for "the payment of money" test of § 12–303(3)(v). Prior to *Chappell*, this Court had said in *McCurley v. McCurley*, 60 Md. 185, 188 (1883), by quoting *Bishop on Marriage and Divorce*, that the wife's allowance for the expenses of suit " 'is in fact a sort of alimony; the one being for the defraying the ordinary expenses of the wife in the matter of living; the other being for the same purpose in respect to the matter of the suit.' " *McCurley* further pointed out

A prohibition against imprisonment for debt was first adopted by the Constitution of 1851, art. III, § 44. The prohibition circumscribed the pre-existing scope of operation of the provision authorizing immediate appeals from an equity court of an order for the payment of money. *See* Ch. 11 of the Acts of 1841.

that "[t]he order or orders that may be passed upon the husband, if disregarded by him, may not only be enforced by the court granting them, by a *fieri facias*, but also by attachment for contempt; as in *Greeley v. Greeley*, 31 How.Pr. 476, and *Dwilly v. Dwilly*, 46 Maine, 381." 60 Md. at 189. And *see Rubin v. Rubin*, 233 Md. 118, 129, 195 A.2d 696, 702 (1963) (order requiring husband to pay part of the charges of a private investigator engaged on behalf of the wife can be enforced by attachment for contempt because the unpaid charges are " 'a sort of alimony' ").

Simmons' position of immediate appealability is supported by *Womble v. Miller*, 25 Md.App. 656, 336 A.2d 138, *cert. denied*, 275 Md. 758 (1975). The appeal in *Womble* was taken from an order awarding $137 to counsel for the appellant's adversary pursuant to former Md.R. 422 because of the appellant's refusal to be deposed. The *Womble* court, without discussion, cited to § 12–303(c)(5) in a footnote appended to the sentence: "Womble noted an appeal to this Court on October 2, 1974." *Id.* at 663, 336 A.2d at 143. *Womble* was decided before *Della Ratta*, *supra*, 47 Md.App. 270, 422 A.2d 409, and *Anthony Plumbing*, *supra*, 298 Md. 11, 467 A.2d 504, developed the historical background of the order for "the payment of money." The more recent cases demonstrate that *Womble* was not correctly decided on the appealability issue.

JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED. COSTS TO BE PAID BY LUIZ R.S. SIMMONS.