529 A.2d 361

**Yilmaz YAMANER**

v.

**Irene Ruth ORKIN.**

**No. 11 (Adv.), Sept. Term, 1987.**

Court of Appeals of Maryland.

Aug. 5, 1987.

Albert D. Brault (M. Kathleen Parker and Brault, Graham, Scott & Brault on the brief), Rockville, for appellant.

Barry J. Nace (Paulson, Nace & Norwind, on the brief), Washington, D.C., for appellee.

Argued before MURPHY, C.J., and ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and JAMES H. COUCH, Jr. (retired), Specially Assigned, JJ.

RODOWSKY, Judge.

In this case we shall hold that an order directing a party to pay a fee to counsel for the adverse party, as a sanction pursuant to Maryland Rule 1–341, is not appealable under the collateral order doctrine.[1]

Appellee and plaintiff below, Irene Ruth Orkin (Orkin), brought in the Circuit Court for Montgomery County an action to nullify the award of an arbitration panel rendered under the Health Claims Arbitration Act.[2] Defendants in the action were a hospital and the appellant, Yilmaz Yamaner, M.D. (Yamaner). The circuit court in May of 1985 set trial for September 15, 1986. In May of 1986, a summary judgment motion filed by Yamaner was heard by Judge Richard B. Latham and denied.[3]

Shortly before the then scheduled trial date Yamaner filed a second motion for summary judgment. Orkin's response asserted that the motion raised no grounds which

---

1. Rule 1–341 provides:

    In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

2. Md.Code (1974, 1984 Repl.Vol., 1986 Cum.Supp.), § 3–2A–06(b) of the Courts and Judicial Proceedings Article (Courts Article) deals with actions to nullify.

3. Orkin contends before us that Judge Latham denied summary judgment because the deposition testimony of her expert witness created a jury issue as to the alleged negligence of Yamaner. Yamaner contends that Judge Latham denied summary judgment in his discretion, thereby allowing the plaintiff a further opportunity to develop legally sufficient evidence of medical malpractice as to Yamaner. Resolution of that dispute is immaterial to the threshold issue before us of appealability.

had not already been decided by Judge Latham. That response included a request for an attorney's fee as a sanction under Rule 1–341.[4]

Judge J. James McKenna heard the second motion for summary judgment. After concluding that the motion had presented nothing new, the court ruled, saying in part:

"[B]ased on what I understand and what I have seen from this file, I'm going to deny your Motion for Summary Judgment and I'm going to grant $300 of lawyer's fees to [plaintiff's counsel] for being here, because I don't think he should have been here and put through this again."

That same day the clerk made the following docket entry:

Hearing on Defendant, Yilmaz Yamaner, M.D.'s Motion for Summary Judgment (# 37) (McKenna, J.) denied. Court awards attorney's fees in the amount of Three Hundred dollars ($300.00) to Plaintiff's attorney. [Tape reference omitted.]

From that award of fees Yamaner appealed to the Court of Special Appeals. We issued the writ of certiorari on our own motion prior to consideration of the merits by the intermediate appellate court.

Appellant's brief addressed appealability. He said Judge McKenna had assessed the fee against defense counsel and argued that the interlocutory order was appealable under Courts Article § 12–303(c)(5) in that it was an order "[f]or ... the payment of money[.]" The brief recognized that an order under the predecessor to Rule 1–341 directed to a party to pay a counsel fee as a sanction was held not to be

---

**4.** At oral argument before us Yamaner maintained that there was substantial justification for the second summary judgment motion. Relying on his interpretation of Judge Latham's prior ruling, see n. 3, *supra,* Yamaner submitted, *inter alia,* that the plaintiff had not obtained any additional expert testimony by the eve of trial. Because the plaintiff could not make a showing on summary judgment sufficient to establish the existence of an element essential to her malpractice claim, Yamaner says he was entitled to summary judgment under *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). We do not reach the merits of those contentions.

an order for the payment of money in *Simmons v. Perkins,* 302 Md. 232, 486 A.2d 1192 (1985). Yamaner sought to distinguish *Simmons* by contending that sanctioning counsel is an order for the payment of money because nonpayment could lead to an attorney's being held in contempt.

In her brief Orkin moved to dismiss the appeal for want of a final order. She pointed out that the request for sanctions in her response to Yamaner's second summary judgment motion asked for sanctions only against "the defendant[.]" [5] She argues that the assessment here was not against counsel but only against a party defendant so that under *Simmons, supra,* the order was not a final judgment. Orkin conditionally moved in her brief, subject to a ruling in her favor based on the foregoing argument, that an attorney's fee on this appeal in the amount of $1,500 be awarded as a sanction.[6] Alternatively, appellee submits that the order appealed from is unclear and presents "[a] question of fact" which must be resolved before it can be a final order to pay money.

In his reply brief, Yamaner shifts ground and argues that the order is a final judgment under the collateral order doctrine. *See Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Peat, Marwick, Mitchell & Co. v. Los Angeles Rams,* 284 Md. 86, 394 A.2d 801 (1978).

The order appealed from cannot be one for the payment of money under Courts Article § 12–303(c)(5), whether assessed against Yamaner only, against his counsel only, or

---

**5.** That portion of the response reads in full:
   ATTORNEYS FEES
   [ ] Plaintiff, by counsel, respectfully requests that the defendant be assessed attorneys fees in the amount of $300.00 to compensate Paulson, Nace & Norwind, for the time necessarily spent responding to a motion which had already been decided by this Court.

**6.** The request for sanctions for appealing the trial court's sanctions order does not specify whether the counsel fee should be awarded against Yamaner only, against appellant's counsel only, or against both.

against both. The order is not equitable in nature and it does not proceed directly to the person so as to make one against whom it operates directly and personally answerable to the court for noncompliance. The court does not have available to it as a sanction for violation the sanction of imprisonment for contempt. *See Simmons v. Perkins, supra,* 302 Md. at 236, 486 A.2d at 1194; *Kerr v. Kerr,* 287 Md. 363, 371, 412 A.2d 1001, 1006 (1980).

Against whom the order operates may affect appealability, however, under the collateral order doctrine. The asserted final judgment is embodied in the second sentence of the October 8, 1986, docket entry, quoted above. Maryland Rule 2–601(b) specifies that

> [t]he clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment.

Here, the award of $300 to the plaintiff's attorney must be interpreted to have been entered only against Yamaner. Yamaner's attorneys are not parties to the case. If the trial court intended the order to extend the sanction beyond a party to include that party's attorneys, the order should have specifically so provided. Moreover, Orkin limited the requested sanction to Yamaner. We do not interpret the order as entered to do any more than to grant the relief which Orkin had requested.

Yamaner refers to the transcript of the hearing before Judge McKenna where, in colloquy with defense counsel, the court discussed a possible motion by Yamaner for reconsideration which might be supported by a transcript of the hearing before Judge Latham. Judge McKenna said, in part:

> If you can by ... supplying a copy of the transcript, and you pay for it; not him—
>
> . . . .

convince me by way of another memorandum ... that you're right, that this was the issue that was not settled before, then I'll rule that you don't have to pay him $300. But the ball is now clearly in your [c]ourt....

Yamaner says that Judge McKenna was using "you" and "your" to refer to the firm of defense counsel (or perhaps to those individual attorneys who signed the second motion for summary judgment). We assume, *arguendo*, that under proper circumstances a transcript may be utilized to clarify a judgment, but in this case the court's use of "you" and "your" is sufficiently ambiguous not to aid in extending the docket entry's effect beyond that requested by Orkin and to a nonparty or parties.

The issue then becomes whether a Rule 1–341 award against a party of a fee to the attorney for the adverse party is a final judgment under the collateral order doctrine. One of the prerequisites to applying the collateral order doctrine is "that there be a serious risk of irreparable loss of the claimed right if appellate review is deferred until after final judgment." *Parrott v. State*, 301 Md. 411, 424–25, 483 A.2d 68, 75 (1984). *See also Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 376–77, 101 S.Ct. 669, 675, 66 L.Ed.2d 571, 580 (1981). An order imposing a Rule 1–341 sanction will almost always fail to meet that requirement. If Judge McKenna erred, that error can be corrected on review after final judgment.

The same analysis is applied by the majority of United States Courts of Appeal. In *Coleman v. Sherwood Medical Industries*, 746 F.2d 445 (8th Cir.1984), the defendant sought to appeal immediately from an assessment against it of costs and attorney's fees pursuant to Fed.R.Civ.P. 37(b)(2) for discovery violations. The court said that the appellant would suffer no irreparable harm if it had to await final judgment and concluded:

We therefore join the majority of circuits that have held that orders imposing costs and/or attorneys' fees on a party for failing to comply with a discovery order are not immediately appealable under the collateral order

exception. *Meche v. Dan-Tex International, Inc.*, 681 F.2d 264 (5th Cir.1982); *In re Underwriters at Lloyd's*, 666 F.2d 55 (4th Cir.1981); *Eastern Maico Distributors, Inc. v. Maico-Fahrzeugfabrik*, 658 F.2d 944 (3d Cir.1981); *Johnny Pflocks v. Firestone Tire & Rubber Co.*, 634 F.2d 1215 (9th Cir.1980); *Evanson v. Union Oil Co. of California*, 619 F.2d 72 (Em.App.), *cert. denied*, 449 U.S. 832, 101 S.Ct. 102, 66 L.Ed.2d 38 (1980); *but see State of Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370 (10th Cir.), *cert. denied*, 439 U.S. 833, 99 S.Ct. 114, 58 L.Ed.2d 129 (1978). Accordingly, we dismiss this appeal on our own motion for lack of jurisdiction. [746 F.2d at 447.]

To the cases cited by the Eighth Circuit may be added *Mulay Plastics, Inc. v. Grand Trunk Western R.R.*, 742 F.2d 369 (7th Cir.1984), *cert. denied*, 470 U.S. 1037, 105 S.Ct. 1409, 84 L.Ed.2d 798 (1985) and *Midway Manufacturing Co. v. Omni Video Games, Inc.*, 668 F.2d 70 (1st Cir.1981). *Mulay Plastics* pointed out that, although *Ohio v. Arthur Andersen & Co.*, 570 F.2d 1370, 1372 (10th Cir.1978) is to the contrary, "it has not been followed in any other circuit, and the force of its reasoning is weakened by the failure to refer to the irreparable-harm requirement of the *Cohen* doctrine." 742 F.2d at 370.

Because the order in the instant matter operates only upon the defendant, Yamaner, it is not a final judgment.[7]

7. We indicate no opinion on the appealability under the collateral order doctrine of a sanctions order which is directed to counsel. Where sanctions under Fed.R.Civ.P. 11 were directed only to counsel, it has been held that the order might escape review after final judgment if the parties settled. *See Frazier v. Cast*, 771 F.2d 259 (7th Cir.1985). An order entered under Fed.R.Civ.P. 37(b) against both a party and the attorney has been held not to be immediately appealable by the attorney because of the near identity of interest between the two and for policy reasons relating to avoiding discovery delay. *See Eastern Maico Distrib. v. Maico-Fahrzeugfabrik*, 658 F.2d 944 (3d Cir.1981). The Third Circuit later held, distinguishing *Eastern Maico*, that a Rule 11 sanction is immediately appealable by an attorney who is the sole appellant and who has withdrawn as counsel from the underlying litigation. *See Eavenson, Auchmuty, & Greenwald v. Holtzman*, 775 F.2d 535 (3d Cir.1985). On the other hand, the Ninth

Because the appeal is premature, Orkin's application for sanctions is denied. It was fairly debatable whether the order appealed from should be construed to apply to counsel. Had it been so construed, a substantial body of law would have supported immediate appealability.

APPEAL DISMISSED. COSTS TO BE PAID BY THE APPELLANT, YILMAZ YAMANER.

Circuit has held that the imposition of sanctions on both attorney and client is not appealable by the attorney even where the attorney is the sole appellant and has withdrawn from representation of the party. *See Kordich v. Marine Clerks Ass'n,* 715 F.2d 1392 (9th Cir.1983).