564 A.2d 114

## GENERAL MOTORS CORPORATION

v.

### Anna KOSCIELSKI.

**No. 162, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

Oct. 4, 1989.

454

Kevin P. Foy (Birrane, Harlan & Sharretts on the brief), Baltimore, for appellant.

P. Paul Cocoros, Baltimore, for appellee.

Argued before ALPERT, KARWACKI and ROBERT M. BELL, JJ.

ALPERT, Judge.

We are asked to decide whether the circuit court has the authority to order a stay, pending appeal, of the payment of certain legal fees awarded by the Workers' Compensation Commission, as a sanction pursuant to Maryland Code Article 101 § 57. Although we must dismiss the appeal, we believe that it is imperative to state the reasons why the trial court was in error in believing that it did not have authority to stay payment.

The facts in this case are not in dispute. Anna Koscielski, appellee, filed a claim for Workers' Compensation benefits on April 13, 1986, claiming that she sustained an accidental personal injury arising out of and in the course of her employment for General Motors Corporation (GMC), appellant. On November 13, 1987, a hearing was held before the Workers' Compensation Commission ("the Commission"), which found in favor of the appellee. The Com-

mission further found that appellee was temporarily totally disabled from March 26, 1987, through the date of the hearing.

On appeal by GMC, the Circuit Court for Baltimore City affirmed the order of the Commission, and found that appellee was temporarily totally disabled from March 26, 1987, through March 20, 1988. Subsequently, the Workers' Compensation Commissioner issued an order pursuant to the decision of the circuit court, and also ordered the appellant to pay the appellee's attorney's fees regarding the unsuccessful appeal to the circuit court. A hearing was held by the Commission on December 9, 1988, on the nature and extent of the disability and the recommendation of the payment of attorney's fees. On December 12, 1988, the Commission issued an Award of Compensation for permanent partial disability, and once again ordered appellant to pay appellee's attorney's fees, said payment being in addition to, and not deducted from, the appellee's Award of Compensation.[1]

Appellant filed an appeal to the Circuit Court for Baltimore City from the order requiring it to pay appellee's attorney's fees. Appellant also filed a "Motion for Ex Parte and Interlocutory Injunctive Relief" requesting the circuit court to stay the order of the Commission. Apparently, in order to avoid the necessity for a hearing on the ex parte injunction request, on or about January 18, 1989, trial counsel entered upon a stipulation before the "general Master," causing the deposit of the sum of $1,354.01 into an interest-bearing account to be held by the Clerk of the Court, that sum representing the amount of the disputed counsel fee. On January 29, 1989, a hearing was held on

---

1. Article 101 § 57 provides in pertinent part:
   If the Commission or the court before which any proceedings for compensation or concerning an award of compensation have been brought, under this article, determines that such proceedings have not been so brought upon reasonable ground, it shall assess the whole cost of the proceedings upon the party who has so brought them, including a reasonable attorney's fee.

appellant's motion. The trial court held that it had no authority, under Md.Ann.Code art. 101, § 56 (1985 Repl. Vol.) and Md. Rule B6, to grant such an injunction.

General Motors Corporation appeals, asking us to resolve whether:

1. [A]n appeal from an illegal, arbitrary and/or capricious act of the Workers' Compensation Commission is an appeal under Maryland Annotated Code Article 101 Section 56 or under the Circuit Court's inherent power to review actions of administrative agencies.

2. [T]he Circuit Court of Maryland has the authority to issue a stay from an Order of the Workers' Compensation Commission under the Court's inherent power to review actions of administrative agencies.

3. [T]he Order to pay the opposing party's attorney's fees, and the payment thereof, under Maryland Annotated Code Article 101 Section 57 is payment of compensation benefits within the meaning of *Montgomery County v. Lake*, 68 Md.App. 269 [511 A.2d 541] (1986).

## I.  Dismissal of Appeal

### A.  *Denial of the Stay Is Moot*

■ The order that brings this appeal to us effectively denied GMC's request for stay of the payment of attorney's fees and further ordered that "[t]he monies deposited in the circuit court by the appellant in the amount of $1,354.01 be paid to P. Paul Cocoros, Esquire, at 2 p.m. on Wednesday, January 25, 1989...." We have since learned that that sum has been paid to appellee's counsel and, thus, the actual payment to and receipt by appellee's counsel is a matter which the courts can no longer control. The "stay" issue is moot. We would point out, however, that the question of whether the Commission was correct in ordering counsel fee, pursuant to Art. 101, § 57, has never been decided by the Circuit Court for Baltimore City and is now pending before that tribunal. Had that issue been decided

by the circuit court and thus before us on appeal, then the issue would not be moot by virtue of the mere payment of the attorney's fee. In *Gillespie–Linton v. Miles*, 58 Md. App. 484, 473 A.2d 947 (1984), we held that payment of the full amount of a jury's verdict in a personal injury case did not bar the defendant's cross appeal on the ground of mootness. *See also Franzen v. Dubinok*, 290 Md. 65, 72, 427 A.2d 1002 (1981), where the late Judge J. Dudley Digges, speaking for the Court of Appeals, opined "that the payment or performance of a final judgment does not normally bar an appeal...."

While it is arguable that we could order the return of the fee to the Clerk of the Court pending trial on the merits of the disputed attorney's fees, the posture of the case and common sense dictates otherwise. If the appellee prevails, the monies would then, for a second time, be paid to her attorney. Additionally, because the appeal is otherwise premature, we are compelled to dismiss the appeal rather than reverse the judgments of the circuit court. *See* Md. Rule 8–602(a)(10).

B. *Denial of the Stay Is Not a Final Judgment.*

■ The trial judge, in a sincere effort to allow appellate courts a prompt review so as to avoid a potential and conceptual unjust enrichment, certified that his order constituted a final judgment pursuant to Md. Rule 2–602(b). That rule provides that an order that adjudicates less than an entire claim is not a final judgment. Here, the claim itself has not been adjudicated, and the trial court ordered payment because it believed that it was powerless to do otherwise. The order of the circuit court was not a final judgment and should not have been certified as such.

■ In declaring its denial of injunctive relief, the trial court further stated:

You now have a separate right to whatever the statute says is your right to appeal from a final order denying an interlocutory injunction.... If you have some right to appeal from that, then you should go up on appeal on the

issue of whether or not I've properly denied you an injunction, thereby allowing the B6 stay to take its normal course.

The denial of the stay effectively allowed the payment of the monies on deposit to appellee's counsel. As set forth earlier in this opinion, the court's order, in addition to denying the stay, provided for payment. Thus, actually and constructively, the court's order ought not be categorized as one "refusing to grant an injunction," Cts. & Jud.Proc.Code Ann. § 12–303(c)(3), but rather as one for the payment of money under § 12–303(c)(5). But even if arguably it was an order for "the payment of money," because the order is not equitable in nature it is not appealable under § 12–303(c)(5).

The Court of Appeals, in *Yamaner v. Orkin*, 310 Md. 321, 529 A.2d 361 (1987), held that an order directing the defendant to pay counsel fee as a sanction for filing a motion without substantial justification was not appealable under the Cts. & Jud.Proc.Code Ann. § 12–303(c)(5). Judge Rodowsky, speaking for the court, reasoned that:

> The order appealed from cannot be one for the payment of money under Courts Article § 12–303(c)(5), whether assessed against Yamaner only, against his counsel only, or against both. The order is not equitable in nature and it does not proceed directly to the person so as to make one against whom it operates directly and personally answerable to the court for noncompliance. The court does not have available to it as a sanction for violation the sanction of imprisonment for contempt.

*Yamaner, supra,* at 324–25, 529 A.2d 361. *See also Simmons v. Perkins,* 302 Md. 232, 486 A.2d 1192 (1985) and *Della Ratta v. Dixon,* 47 Md.App. 270, 422 A.2d 409 (1980).

Here, the order is directed to the Clerk of the Court and not to GMC. We venture no opinion as to the potential result had the money not been in the hands of the court and if GMC was ordered directly to make payment. We would point out, however, that the nature of the assessed counsel fee as a sanction is practically indistinguishable from the sanctions imposed in *Yamaner* and *Simmons, supra.*

## II. Circuit Court's Authority to Stay the Commission's Order to Pay Counsel Fees

■ We find ourselves in the awkward position of having to decide a legal issue in an appeal that we must dismiss. A fair reading of the record tells us that the able and experienced trial judge believed that the attorney's fee would not be recoverable and that its payment fell within the ambit of Art. 101, § 56 of the Maryland Code. He stated in pertinent part:

[A]s we have said, we think the language of our § 56(a) reflects a legislative intent to preclude "recovery back" upon any theory, except fraud perhaps. If we are mistaken in this regard, the General Assembly will know how to enlighten us.

The fact that now 18 years have passed and the General Assembly is faced with that Court of Appeals decision, provided with no recovery back mechanism means if you win on appeal even on the ground that the award of attorney's fees by the Workmen's Compensation Commission even was arbitrary and capricious, that you may win a paper victory, but there is no mechanism for the restitution and that there is not supposed to be one. You are not supposed to get your money back.

Obviously, the trial judge believed that by virtue of legislative enactment and subsequent appellate decision, his hands were tied and the fees were not recoverable. He may have further contemplated that since the monies could not be recovered, further proceedings might be precluded.

We view the law differently than did the trial judge. Because our view compels further proceedings upon the merits of the appeal in the circuit court, we shall explain why we believe that the lower court should have granted the appellant's request for the stay of the payment of attorney's fees to appellee's counsel.

In *Montgomery County v. Lake,* 68 Md.App. 269, 511 A.2d 541 (1986), Judge Rosalyn B. Bell observed for this court that:

It is firmly established in Maryland that once monies are paid out on a claim, those funds are not recoverable "on any theory," absent fraud, even if the award is reduced or reversed on appeal. *St. Paul Fire & Marine Insurance Company v. Treadwell,* 263 Md. 430, 439, 283 A.2d 601 (1971).

*Id.* 68 Md.App. at 274, 511 A.2d 541. Judge Bell further pointed out that:

A stay of payments awarded by reason of an appeal challenging the underlying award is prohibited. *Bayshore Industries, Inc. v. Ziats,* 229 Md. 69, 76–77, 181 A.2d 652 (1962). The purpose behind the prohibition is that of affording day-to-day support to an injured employee and his or her dependents. *Id.* at 77 [181 A.2d 652]. Following this rationale, the Court of Appeals in *St. Paul Fire & Marine Ins. Co., supra,* held that restitution or recovery back of payments would not be permitted because "it is not the intention and spirit of the [Workmen's Compensation] act to allow [an employer] to recover back money paid under an award which already has been spent by a claimant for living expenses...."

*See also* Gilbert & Humphreys, *Maryland Worker's Compensation Handbook* § 17.3; *Hoffman v. Liberty Mutual,* 232 Md. 51, 191 A.2d 575 (1962).

Appellee contends that Md.R. B6 supports the trial judge's decision to deny the stay. That rule provides that "the Court shall not have authority to order a stay in an appeal under Article 101, section 56." The rule must be read in conjunction with its legislative counterpart. We note that the stay portion of § 56(a) provides that "an appeal shall not be a stay of any order of the Commission directing payment of compensation or any order or supplemental order requiring the furnishing of medical treatment." The pertinent provision of § 57 is neither "compensation," an attorney's fee to be paid from that compensation, *see Hoffman, supra,* nor medical expenses. Rather, it is a sanction to be imposed:

if the Commission or the court before which any pleadings for compensation or concerning an award of compensation have been brought, under this Article, determines that such proceedings have not been so brought upon reasonable ground.

The award of a § 57 attorney's fee in no way involves the "day-to-day support to an injured employee and his or her dependents," nor has it any effect on the "humanitarian policy" underlying the Worker's Compensation Act. It is clear that the legislative scheme of Art. 101, §§ 56 and 57 does not contemplate that an attorney's fee imposed as a sanction could not be stayed or could not be the subject of recovery. Judge McWilliams observed for the Court of Appeals in *St. Paul Fire & Marine Insurance, supra,* that:

[w]hen the Legislature enacted the "no stay" provision in § 56(a) it must have foreseen the possibility, and as well the probability, that payments would be made to claimants whose awards subsequently would be vacated on appeal. That it made no provision for the restitution of those payments suggests to us that restitution was considered and rejected, and that, in lieu thereof, the disposition of appeals was expedited by giving them precedence over all cases except criminal cases.

*Id.* 263 Md. at 437–38, 283 A.2d 601 (emphasis added).

It is abundantly clear that the payments to which Judge McWilliams referred were weekly compensation payments or payments related thereto.

Accordingly, we are firmly convinced that the payment of an attorney's fee, imposed pursuant to Art. 101, § 57, is not effected by the stay provision of § 56 or Md.R. B6, can be stayed, and even if not stayed, the fee can be recovered.

### III. A Viable Remedy

■ Workers' compensation proceedings and their appeals were never intended to be complicated and costly. To that end, we believe that under the peculiar circumstances of the instant case, should appellant ultimately prevail, restitution ought to be available through summary proceedings within the instant case. This suggestion is not without

precedent. As Judge Digges noted for the Court of Appeals in *Franzen v. Dubinok, supra:*

> The substantive rights of the parties are not necessarily finally determined, and the controversy thus not rendered moot, by the satisfaction of the judgment, for if the matter is heard and reversed on appeal, the court retains the authority in the usual case to restore the parties to their former position by a judgment requiring restitution. *See Restatement, Restitution* § 74 (1937); *Burns v. Bines,* 189 Md. 157 [57 A.2d 188] (1948).

*Id.* 290 Md. at 72, 427 A.2d 1002.

The Court of Appeals in *Burns v. Bines, supra,* observed that:

> Restitution may be enforced in a new action, *e.g.,* for money had and received ... or in a summary proceeding. *Northwestern Fuel Co. v. Brock,* 139 U.S. 216, 220, 11 S.Ct. 523, 35 L.Ed. 151 (1891). *See also Restatement, Restitution,* § 74, comment A, comment B, illustration (1).

*Id.* 189 Md. at 166, 57 A.2d 188.

The Supreme Court of the United States, in *Northwestern Fuel, supra,* in discussing restitution where a judgment was reversed for lack of jurisdiction, stated:

> We are of the opinion that the proceeding to enforce the restitution in the cases mentioned is under the control of the court, and that all needed inquiry can be had to guide its judgment in a summary proceeding, upon motion of the parties; the only requisite being that the opposite part shall be heard so that in directing restitution no further wrong be committed. The restitution is not made to depend at all upon the question whether or not the court rendering the judgment reversed acted within or without its jurisdiction.

*Id.* 139 U.S. at 221, 11 S.Ct. at 525.

## Conclusion

While ordinarily we would not, through *dicta,* state our views of the law on issues not squarely before us, we do so

here for the guidance of the trial court and for the benefit of the bench and bar in similar cases that might arise in the future.

APPEAL DISMISSED; APPELLANT TO PAY THE COSTS.