Dissenting Opinion by
Adkins, J.
Respectfully, I dissent. This appeal is a premature, interlocutory appeal from an order imposing sanctions for the failure to produce discovery documents. The Majority is wrong to treat this sanctions order as an appeal from the denial of a properly asserted deliberative process privilege. An appeal from an order for sanctions is generally not an allowable interlocutory appeal. See Newman v. Reilly, 314 Md. 364, 385, 550 A.2d 959 (1988); Yamaner v. Orkin, 310 Md. 321, 326-27, 529 A.2d 361 (1987). In Yamaner, we denied a party’s attempted appeal of a sanctions order because it did not meet the requirements of the collateral order doctrine. Yamaner, 310 Md. at 326-27, 529 A.2d 361. This attempted appeal of the trial court’s sanctions order should be similarly denied.
Maryland Rule 2-422(c) requires the following response to a request for discovery of documents:
The response shall state, with respect to each item or category, that (1) inspection and related activities will be permitted as requested, (2) the request is refused, or (3) the request for production in a particular form is refused. *572 The grounds for each refusal shall be fully stated. If the refusal relates to part of an item or category, the part shall be specified.
(Emphasis added.) Applying an earlier version of Rule 2-422, we have explained:
When under an appropriate Maryland Rule a party demands of another discovery of a document or other tangible thing, the adversary, even though resisting the demand, should nonetheless be required to specifically answer whether it has in its possession or under its control such an item or items.
Kelch v. Mass Transit Admin., 287 Md. 223, 228, 411 A.2d 449 (1980) (emphasis added).
The use of privilege logs is a customary practice in Maryland, and complies with the Rule 2-422(c) requirement that the “grounds for each refusal shall be fully stated” and that “[i]f the refusal relates to part of an item or category, the part shall be specified.” So, the Board was required to identify what it claimed was privileged and what it did not. Md. Rule 2-422. We have explained that “the application of sanctions under the discovery rules is within the sound discretion of the trial judge.” Broadwater v. Arch, 267 Md. 329, 336, 297 A.2d 671 (1972) (citation omitted); see Ehrlich v. Grove, 396 Md. 550, 560, 914 A.2d 783 (2007) (discovery matters are within the discretion of the trial court). Thus, the trial court was well within its rights to find a waiver of the privilege, order the production of the audio recordings, and impose a sanction on the Board.
The Majority resurrects the deliberative process privilege waived by Petitioners, both ignoring the abuse of discretion standard of review for discovery decisions and creating a new rule that merges orders for production with orders for sanctions after a failure to produce. The Majority holds, with no cited authority, that “[a]n order granting discovery sanctions qualifies as a ‘discovery order’ for the purposes of determining the appealability of an order denying executive privilege under the collateral order doctrine.” Maj. Op. at 547-48, 154 A.3d at *573 1223. In so holding, the Majority disregards—and tells government litigants to disregard—the Rule 2-422 requirements for identifying specifically which parts of a discovery request are sheltered from discovery and for what reason.
We have recognized that when a government is a party to litigation, “a question of unfair litigation advantage may arise.” Hamilton v. Verdow, 287 Md. 544, 564 n.8, 414 A.2d 914 (1980). Here, rather than protecting against such unfair advantage, the Majority leans the opposite way, sending the message that a governmental party may, with impunity, ignore discovery requests for months at a time and wait until the eleventh hour to identify what items fall within its claimed privilege. The Board did exactly that, and the Majority enables its behavior by permitting this interlocutory appeal, and then overturning the trial court’s discretionary determination that Petitioners had waived the privilege.
The Board’s conduct at issue on this appeal is merely one example of their discovery abuses. In December 2014, the trial court described the Board’s foot-dragging thus far, saying: “The deadlines in this case have been moved repeatedly because of discovery problems, due to the conduct of the Board and its inability, or in some cases outright refusal, to produce documents or accurate privilege logs in a timely fashion.” (Emphasis added.) It concluded that the Board delayed document production for seven months after an order that it do so:
To say that discovery in this case has not proceeded smoothly would be an understatement. [Respondents’] first motion for sanctions, which the court granted, was the result of the Board’s production of fourteen boxes of documents many months after the court ordered their production on November 25, 2013. Although the original request for production was issued on August 1, 2013, the Board did not make its final production of responsive documents until June 2, 2014.
It also found that the Board’s designated representative “fail[ed] to appear for a properly noticed organizational depo *574 sition,” and that, on a rescheduled date, she was present but entirely unprepared.
What is at stake here is more than a meaningless discovery slug-fest. The audio recordings in question are highly relevant to Respondents’ claim for invasion of privacy. In order to prevail, they must show malice to defeat the immunity given to the Board members and their agents by statute. Md, Code (1990, 2013 Repl. Vol.), § 5-715(b) of the Courts and Judicial Proceedings Article. The internet publication of highly sensitive medical information about a physician and his family is sufficiently unusual and unnecessary that one might wonder why a professional oversight agency did not know better. What went on behind the scenes of the decision to publish is exactly what Respondents need to know. If they are denied this information they are severely hampered in pursuit of their claim. If the audio recordings are protected by a valid deliberative process privilege, then Petitioners should have identified them specifically, and claimed the privilege on a timely basis. It is not up to this Court to protect the Board and its members from their discovery abuses.